■ In the Matter of NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Petitioner, v CARL McCALL, as Commissioner of the Division of Human Rights, et al., Respondents. — Main, J. P. Proceeding initiated in this court pursuant to Executive Law § 298 to review a determination of the State Division of Human Rights, dated July 18, 1983, which found that petitioner was guilty of an unlawful discriminatory practice based on sex.

To fill a vacancy in the position of correction counselor, petitioner promulgated an eligible list of one woman, Kathryn Martina, and two men. After interviews, one of the men was offered the position, but declined the appointment. The position was not offered to either the other man or Martina, but was otherwise filled. Martina, who was employed by petitioner as a teacher IV, filed a complaint alleging that she was not offered the position due to sex discrimination. Following a hearing, the State Division of Human Rights agreed and awarded Martina $1,000 for mental anguish, as well as other relief. Petitioner challenges the determination.

Initially, there is substantial evidence to uphold the finding of sex discrimination. Martina testified that Richard Reynolds, who interviewed her for the position of correction counselor and decided who to hire, portrayed the job negatively and told her it was too dangerous for a woman. Reynolds denied this, but his testimony indicated sex discrimination against Martina. For example, Reynolds testified that Martina was not the kind of person who could do the job, but articulated no reasons for this opinion, only a "gut feeling". He further testified that he believed that women were more easily manipulated than men and, therefore, Martina's sex mattered with regard to working with inmates because of their propensity to be manipulative. Reynolds was not consistent in his testimony about whether Martina was deemed unsuitable for the position during her interview or thereafter. Reynolds further acknowledged that Martina was better trained and experienced than the individual ultimately appointed, but he nonetheless remained steadfast in his view that Martina was not as well qualified. Such evidence certainly leads to the conclusion that the decision not to appoint Martina to the correctional counselor position was based on her sex.

Similarly, the award of $1,000 for mental anguish is supported by substantial evidence. Martina testified that she was demeaned, demoralized and insulted by the decision not to appoint her and that these feelings continued to the present. Thus, we confirm this aspect of the award.

There appears to be some confusion, however, regarding the import of certain other aspects of the award. We note that as a public employer, petitioner cannot be directed to appoint Martina to the position sought (*see, City of Schenectady v State Div. of Human Rights,* 37 NY2d 421, 430; *Weiss v New York State Human Rights Appeal Bd.,* 102 AD2d 471, 473) and the order must be read accordingly. Likewise, the awards of back pay and "all of the rights, benefits, privileges and seniority, including retirement benefits" attendant the correction counselor position, are dependent upon the offer of appointment to the position sought and, thus, cannot stand (*see, e.g., State Div. of Human Rights v New York State Dept. of Correctional Servs.,* 91 AD2d 832, 833). Because of the confusion over the import of these aspects of the award, we deem it best for the matter to be remitted so that an award may be made based on proper considerations (*supra*).

Determination modified, without costs, by annulling sections 2 and 5 thereof; matter remitted to the State Division of Human Rights for further proceedings not inconsistent herewith, and, as so modified, confirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.