OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 On April 8, 1976, in the course of employment interviews by Kings Park Psychiatric Center, complainant was asked whether he had ever been arrested. He informed the interviewers that he had been arrested for petit larceny in January 1975, but that the charge had been disposed of by an adjournment in contemplation of dismissal
 
 (see,
 
 CPL 170.55). The interviewers assured him that such a disposition was "nothing to worry about” and, indeed, he was hired and commenced his probationary period of employment on April 22, 1976. As a new employee, complainant was fingerprinted for purposes of a background investigation check required by the Department of Civil Service. On July 22, 1976, Kings Park received notification from the Department of Civil Service that the investigation revealed a petit larceny charge for which complainant had been arrested on January 10, 1975, that the charge was apparently still pending, and that complainant should be directed to submit an official court transcript documenting final disposition of the reported arrest. Kings Park, by letter dated September 14, 1976, asked complainant for a copy of the final disposition, advising him that failure to supply the documentation might result in termination. Complainant concluded that under a new law — Executive Law § 296 (16),
 
 *
 
 which came into effect September 1, 1976 — he was excused
 
 *754
 
 from submitting the requested documentation, and made no response to his employer’s request.
 

 During this same period complainant had been experiencing personal problems which resulted in a poor attendance record. By letter dated October 7, 1976, while complainant was still within his probationary period, Kings Park notified him that he was being discharged. He then commenced a proceeding before the State Division of Human Rights, charging that his termination was the result of a refusal to comply with an unlawful request for information concerning his arrest record. The Division found that Kings Park had discriminated against complainant by inquiring about his arrest record and terminating his employment for failure to furnish information, and the Appeal Board affirmed. In a review proceeding pursuant to Executive Law § 298, the Appellate Division, two justices dissenting, vacated the Appeal Board order and dismissed the complaint, concluding that the Executive Law does not preclude an employer from requiring verification of the final disposition of a criminal charge which has been discovered by legal means. The court, moreover, found that it was unclear from the record whether complainant was actually discharged because of poor attendance. We now hold that, under the particular facts presented here, complainant’s discharge was not a violation of the Executive Law, and we therefore affirm.
 

 An investigation into the qualifications and background of a new employee within the civil service of this State is entirely appropriate and indeed mandated by law
 
 (see generally,
 
 Civil Service Law §§ 50, 95, and regulations of the Civil Service Department, particularly 4 NYCRR 3.2 [c]). When Kings Park’s interviewers, in April 1976, asked complainant whether he had ever been arrested there was nothing unlawful about such an inquiry. (Such an inquiry would, of course, have been unlawful after September 1, 1976, pursuant to Executive Law § 296 [16].) Complainant informed them that the charge against him had been resolved by an adjournment in contemplation of dismissal, but the results of the background investigation conducted by the Department of Civil Service suggested that complainant had lied to his prospective employer. In these narrow circumstances, when complainant refused to cooperate in eliminating the discrepancy between information lawfully obtained from him at the interview and facts learned in the background investigation report, Kings Park had reasonable and permissible grounds for terminating his probationary employment.
 

 
 *755
 
 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur; Judge Titone taking no part. Order affirmed, with costs, in a memorandum.
 

 *
 

 In pertinent part, Executive Law § 296 (16) provides: "It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, in connection with the * * * employment [of] such individual.”