◼ SHERIFF'S DEPARTMENT, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al.; Respondents.—Proceeding pursuant to Executive Law § 298 to review an order of the Commissioner of the New York State Division of Human Rights (hereinafter the division), dated August 1, 1985, which, after a hearing, found that the petitioner had discriminated against the respondent Withers on the basis of his prior arrest record by failing to hire him for the position of a mounted patrolman, and, *inter alia,* directed that the petitioner hire the respondent Withers for that position, with back pay, and awarded the respondent Withers $35,000, as compensatory damages for mental anguish and humiliation.

Adjudged that the petition is granted, on the law and as a matter of discretion, without costs or disbursements, to the extent that the division's order is modified, by (1) deleting therefrom the provisions directing the petitioner Sheriff of Rockland County to hire the respondent Withers as a mounted patrolman and pay him back pay for that position

and pay him compensatory damages for mental anguish and humiliation in the amount of $35,000, the proceeding is otherwise dismissed, and the matter is remitted to the division for imposition of a new award for mental anguish and humiliation which shall not exceed $7,500.

The division correctly determined that the petitioner discriminated against the respondent Withers based on his arrest record. In 1981 when the petitioner requested the respondent Withers to complete his application for employment as a mounted patrolman, it was a prima facie discriminatory practice to inquire about prior arrests on an application for employment *(see,* Executive Law § 296 [16]; *Matter of New York State Dept. of Mental Hygiene v State Div. of Human Rights,* 66 NY2d 752). Although Executive Law § 296 was amended in 1985 to permit preemployment inquiry into the arrest records of law enforcement applicants *(see,* L 1985, ch 208), this amendment is clearly prospective in nature and is thus inapplicable to the instant matter *(see, Matter of New York State Dept. of Mental Hygiene v State Div. of Human Rights, supra).* In addition, the determination of the division that the petitioner was denied employment based solely on his arrest record was based on substantial evidence and cannot be disturbed *(see,* Executive Law § 298; *Matter of New York State Dept. of Correctional Servs. v McCall,* 109 AD2d 953; *Schuck v State Div. of Human Rights,* 102 AD2d 673).

Nevertheless, the record indicates that the respondent Withers was never sworn in, or paid, as a mounted patrolman. Under these circumstances, the division lacked the power to direct the petitioner, a public employer, to hire the respondent Withers for the position sought, "since such a direction would in effect deprive the appointing authority of the power of selection" *(see, City of Schenectady v State Div. of Human Rights,* 37 NY2d 421, 430, *rearg denied* 38 NY2d 856; *Weiss v New York State Human Rights Appeal Bd.,* 102 AD2d 471, 473; *State Div. of Human Rights v New York State Dept. of Correctional Servs.,* 91 AD2d 832, 833; *Matter of New York State Dept. of Correctional Servs. v McCall,* 111 AD2d 571; *Matter of New York State Dept. of Mental Hygiene v State Div. of Human Rights,* 103 AD2d 546, *affd* 66 NY2d 752, *supra; Sears v New York State Div. of Human Rights,* 73 AD2d 913, *appeal denied* 49 NY2d 705). Accordingly, those portions of the division's order directing the petitioner Sheriff of Rockland County to hire the respondent Withers as a mounted patrolman and awarding the respondent Withers back pay for that position cannot stand *(see, State Div. of Human Rights v*

*New York State Dept. of Correctional Servs., supra; Matter of New York State Dept. of Correctional Servs. v McCall, supra; Sears v New York State Div. of Human Rights, supra).*

Finally, the division properly exercised its authority to award compensatory damages for mental anguish. It is well settled that an award of compensatory damages to a person aggrieved by an illegal discriminatory practice may include compensation for mental anguish *(Matter of Board of Educ. v McCall,* 108 AD2d 855, *lv denied* 65 NY2d 601; *State Div. of Human Rights v New York State Dept. of Correctional Servs.,* 90 AD2d 51), and that such an award may be based solely on the testimony of the complainant, as occurred in the instant proceeding *(Cullen v Nassau County Civ. Serv. Commn.,* 53 NY2d 492). However, the $35,000 award in this case is clearly excessive. Therefore, the matter is remitted to the division for the imposition of a new award not to exceed $7,500. Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.