■ In the Matter of JOSEPH F. FARLEY, Petitioner, v NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Respondents. —Mikoll, J. Proceeding pursuant to Executive Law § 298 (transferred to this court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Human Rights which, *inter alia,* denied petitioner's application to reopen a hearing to consider evidence on the issue of damages.

On September 20, 1983, petitioner filed a complaint with the State Division of Human Rights charging respondents with an unlawful discriminatory practice based upon a disability in violation of the Human Rights Law (Executive Law §§ 291, 292 [21]). Specifically, petitioner claimed that respondents determined that he was ineligible for a position as a parole officer due to his vision. After investigation, the Division found probable cause that such an unlawful discriminatory practice had occurred. The matter was then referred to a public hearing and petitioner was assigned an attorney who was employed by the Division. During the course of the hearing, the Administrative Law Judge (hereinafter ALJ) adjourned the hearing to await the production of additional witnesses by petitioner's assigned attorney. Subsequently, petitioner's attorney notified the ALJ that witnesses would not be called and then joined in a request by respondent Department of Civil Service to bring in the Division of Parole as a necessary party. The ALJ did not act on this request and the hearing was ruled closed. In a proposed decision dated October 30, 1986, the ALJ found that respondents had engaged in an unlawful discriminatory practice. However, the ALJ held that "[n]o award is made for compensatory damages based on mental

anguish because of the absence of any testimony with respect thereto".

Petitioner's attorney, in a timely letter dated November 10, 1986 (see, 9 NYCRR 465.15 [c]) made application to the Division to reopen the hearing for the limited purpose of establishing damages. She urged that petitioner not be penalized for what she termed an "oversight" on her part. In a final order dated January 23, 1987, the Commissioner of Human Rights upheld the ALJ's preliminary decision but denied the request to reopen, finding that the basis for the request was unfounded. Petitioner then commenced this proceeding in Supreme Court pursuant to Executive Law § 298 and the matter was subsequently transferred to this court.

The only issue raised on this review is the propriety of the Commissioner's denial of the request by petitioner's assigned counsel to reopen the hearing. In our view, the denial of this request was an abuse of the discretion vested in the Commissioner. The final order of the Commissioner should therefore be annulled, the request to reopen granted and the matter remitted to the Division to hear and consider evidence on the issue of petitioner's damages.

Under 9 NYCRR 465.15 (c), a hearing is not deemed complete until objections to a proposed order are filed. Therefore, the hearing in this case was not yet deemed complete at the time petitioner's attorney requested that the hearing be reopened to take testimony relative to petitioner's damages. Pursuant to 9 NYCRR 465.10 (k), the Commissioner, upon "finding that the record is incomplete or fails to provide the basis for an informed decision", has the power to direct further sessions for the purpose of taking additional evidence or for other purposes. In the instant case, it is clear that the record was incomplete and failed to provide the basis for an informed decision as to the issue of damages. The record establishes that this was due to no fault of petitioner. It was the fault of her assigned attorney, a paid Division employee, and perhaps the ALJ, who did not develop the issue. It is also significant that the other parties were all State entities. The Division here failed to protect the interests of petitioner (see, Matter of Stacey v McDaniel, 54 AD2d 645, 646). In such circumstances, the refusal to reopen this case for the purpose requested by petitioner's attorney was an abuse of discretion. The Division, having assumed the representation of petitioner, should have done so with reasonable competence.

Determination modified, with costs to petitioner, by revers-

ing so much thereof as denied petitioner's request to reopen the hearing on the issue of damages; matter remitted to the State Division of Human Rights for further proceedings not inconsistent with this court's decision; and, as so modified, confirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.