(March 26, 1991)

■ In the Matter of BEER GARDEN, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Application, pursuant to CPLR article 78, transferred to this Court pursuant to CPLR 7804 (g), seeking to annul respondent's determi-

nations revoking petitioner's liquor license and issuing a bond claim in the sum of $1000.00 as a result of two proceedings, unanimously granted, to the extent of annulling both determinations and remanding the matter for further proceedings, not inconsistent with this decision and order, from which the Commissioner in question is to be recused.

Petitioner, The Beer Garden, Inc. ("Beer Garden"), is a New York Corporation with its principal place of business located at 515 West 18th Street in Manhattan. Respondent New York State Liquor Authority ("SLA") issued Beer Garden a license in October 1986 for the on-premise sale of liquor at the licensed premises, a night club. A litany of incidents involving patrons of the club took place, many of which required police intervention. In addition to these, on January 20, 1987, an officer of the New York Police Department, aged 20, acting in an undercover capacity, allegedly purchased, without showing identification or proof that he was 21 years of age, bottles of beer from four different bartenders. Two proceedings were thereafter brought by the SLA for violation of rule 36.1 (q) of the State Liquor Authority (9 NYCRR 53.1 [q]) and section 65 of the Alcoholic Beverage Control Law.

Following the decision of the SLA on August 9, 1990, Beer Garden commenced this article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g), to challenge the determinations of the SLA which, respectively, revoked and recalled Beer Garden's license for on-premises sale of alcoholic beverages and imposed a $1000 bond claim for the noise and underage determinations.

Beer Gardens contends, and we agree, that because Commissioner Sharon Tillman was counsel to the SLA during the period of time that the charges against it where formulated, served and prosecuted, she was required, upon request of Beer Garden, to recuse herself from voting in this matter. (See, Matter of Bayside Bowling & Recreation Center v New York State Liq. Auth., 171 AD2d 576.) To allow the determination to stand were Tillman had been SLA counsel and appointed SLA Commissioner during the pendency of these proceedings would, in our view, blur the separate and distinct functions of prosecution and adjudication.

Accordingly, the petition is granted, to the extent of annulling the two administrative orders issued by the SLA, and the matter remanded to the SLA for further proceedings, from which Commissioner Tillman is to be recused. Concur—Murphy, P. J., Sullivan, Carro, Milonas and Rubin, JJ.