■ In the Matter of BAYSIDE BOWLING AND RECREATION CENTER, INC., Doing Business as AVANTI, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Determination of the respondent New York State Liquor Authority, dated August 3, 1990, which suspended petitioner's license for 10 days and imposed a $1,000 claim against its bond, is unanimously annulled, the petition (transferred to this Court by order of the Supreme Court, New York County, Edward H. Lehner, J., dated October 19, 1990), granted and the matter remanded for further proceedings not inconsistent with this memorandum.

The within proceeding arose from administrative charges filed against petitioner by counsel to the New York State Liquor Authority ("SLA") alleging that a variety of disturbances, including fights, purse snatchings, etc., had resulted in the licensed premises, i.e., a Bayside Queens discotheque known as Avanti, becoming a focal point for police attention. A hearing was held, after which the Administrative Law Judge ("ALJ") found that, although certain of the charges had not been proven, there was adequate proof to support the charges concerning 18 incidents occurring between April, 1988 and July, 1989. These findings, along with petitioner's rebuttal, were submitted to the five Commissioners of the SLA, including Commissioner Sharon Tillman, who had been counsel to the SLA during the period when the instant charges were filed against petitioner. All five commissioners adopted the findings of the ALJ. However, two of the commissioners voted to penalize petitioner by a 30 day deferred suspension and a $1000 claim against its bond and three, including Commissioner Tillman, voted to actually suspend petitioner's license for 10 days as well as to impose a $1000 claim against its bond.

We find that the determination must be annulled, since Commissioner Tillman was required to recuse herself from this proceeding when requested to do so by petitioner. *(See, Matter of Beer Garden v New York State Liq. Auth.,* 171 AD2d 565.)* Inasmuch as the very notice of charges brought against petitioner had been signed by Tillman, there was too great a

possibility that she may have been predisposed to uphold those charges to permit her, over petitioner's objection, to subsequently assume an adjudicative role as to the same charges. *(See, Matter of Washington County Cease v Persico,* 99 AD2d 321, 329, *affd* 64 NY2d 923.)

Since the findings of the Administrative Law Judge are not affected by the Commissioner's status, the proper remedy is reconsideration of those findings, without the participation of Commissioner Tillman, by the remainder of the SLA Commissioners. Concur—Murphy, P. J., Milonas, Ellerin, Ross and Rubin, JJ.