◼ In the Matter of BERMUDA TRIANGLE RESTAURANT CORP. et al., Petitioners, v NEW YORK STATE LIQUOR AUTHORITY,

Respondent.—Determination of the respondent New York State Liquor Authority, dated August 5, 1990, which suspended petitioners' license for 15 days and issued a bond claim in the amount of $1,000, unanimously annulled, on the law, without costs and disbursements, and the petition granted, to the extent of remanding the matter brought pursuant to CPLR Article 78 (transferred to this Court by order of the Supreme Court, New York County [Beverly S. Cohen, J.], entered on October 25, 1990), for further proceedings, from which the Commissioner in question is to be recused, not inconsistent with this decision and order.

Administrative charges filed against petitioner by counsel to the New York State Liquor Authority ("SLA") alleged that petitioner, on or about November 10, 1988, suffered or permitted its premises to become disorderly by permitting an assault to take place upon the premises—a violation of section 106 (6) of the Alcoholic Beverage Control Law. Additionally, petitioner was charged with violating rule 53.1 (p) of the Rules of the State Liquor Authority (9 NYCRR) for using the trade name "Name this Joint" without first obtaining permission of the SLA. Following a hearing, the Administrative Law Judge ("ALJ") found adequate proof to support the charges. These findings of the ALJ were adopted by the SLA, which sustained the charges, pursuant to a 3-2 vote of the SLA's panel of five Commissioners. Commissioner Sharon Tillman, counsel to the Authority during the proceedings, cast one of the majority votes. Of the two non-majority votes, one Commissioner voted for reversal of the ALJ and for dismissal of the charges, while the other Commissioner voted to sustain charge No. 2 only, and recommended a penalty of 10 days deferred suspension together with a $1,000 bond claim forfeiture.

Inasmuch as Commissioner Tillman acted in the dual capacity of both prosecutor and adjudicator, the impartiality of the SLA's determining body is suspect and, as such, the determination reached must be annulled (see, *Matter of Bayside Bowling & Recreation Center v New York State Liq. Auth.*, 171 AD2d 576, *lv granted* 78 NY2d 855). The findings of the ALJ, which are not affected by the Commissioner's status, must be reconsidered by the remaining SLA Commissioners, without the participation of Commissioner Tillman. Concur—Carro, J. P., Milonas, Ellerin, Ross and Asch, JJ.