■ In the Matter of FANON RESTAURANT CORPORATION, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Application, pursuant to CPLR article 78, transferred to this Court pursuant to CPLR 7804 (g), seeking to annul respondent's determination revoking petitioner's liquor license and issuing a bond claim in the sum of $1,000.00 after a hearing, unanimously granted, on the law, the facts and the exercise of discretion, to the extent of annulling the determination and remanding the matter for further proceedings, not inconsistent with this decision and order, from which the Commissioner in question is to be recused, without costs.

Petitioner, Fanon Restaurant Corporation, operating as Bill's Portside Bar is located at 3706-8 East Tremont Avenue, in the Bronx. On June 1, 1972, respondent, New York State Liquor Authority ("SLA") issued the petitioner an on-premises liquor license for the sale of liquor. Thereafter, investigation

on two separate occasions by SLA officials resulted in charging the petitioner with permitting gambling and the maintenance of an illegal video display game on the premises, selling or giving away alcoholic beverages during prohibited hours of sale, and altering the premises without obtaining permission from the SLA. Following the decision of the SLA on October 16, 1990, petitioner commenced this article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g), to challenge the determinations of the SLA which, respectively, revoked and recalled petitioner's license for on-premises sale of alcoholic beverages and imposed a $1,000.00 bond claim as a penalty for the four violations noted above.

Petitioner argues, and the respondent does not dispute, that Commissioner Sharon Tillman was counsel to the SLA during the period of time that the charges against it were formulated, and that the Commissioner, as Deputy Commissioner Chief of the Hearing Bureau, prepared and wrote a memorandum decision in support of charges against the petitioner for prior violations. The petitioner contends that the Commissioner was required to recuse herself from voting in this matter. Although petitioner did not raise this objection during the hearing, "the due process concerns implicated in such a practice warrant this court's exercise of discretion to reach the issue." *(Adika v Corbisiero,* 154 AD2d 299, 300.) In view of the foregoing, "there was too great a possibility that [the Commissioner] may have been predisposed to uphold those charges to permit her * * * to * * * assume an adjudicative role as to the same charges." *(Matter of Bayside Bowling & Recreation Center v New York State Liq. Auth.,* 171 AD2d 576, 576-577, *lv granted* 78 NY2d 855.)

Since the findings of the Administrative Law Judge, who presided over the hearing, are not affected by the Commissioner's status, the findings should be reconsidered, without the participation of Commissioner Tillman, by the remainder of the SLA Commissioners.

In light of this determination, we do not reach other issues raised herein. Concur—Milonas, J. P., Rosenberger, Ellerin, Ross and Rubin, JJ.