■ GENERAL MOTORS CORPORATION, DELCO PRODUCTS DIVISION, Petitioner, v MARGARITA ROSA, as Commissioner of the New York State Division of Human Rights, et al., Respondents.—Determination unanimously confirmed without costs and petition dismissed. Memorandum: The Commissioner's determination that petitioner discriminated against complainant on the basis of race and color, in violation of the Human Rights Law *(see,* Executive Law § 296 [1] [a]), is supported by substantial evidence *(see, Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept.,* 71 NY2d 623, 630-631; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176).

We reject petitioner's contention that it was denied a fair and impartial hearing by the Administrative Law Judge. In

examining petitioner's witnesses and directing the production of evidence, the ALJ was not improperly assuming the role of an advocate. Rather, he was acting well within the scope of his authority *(see,* 9 NYCRR 465.10 [e] [4]; *Matter of O'Connor [Howell—Hartnett],* 165 AD2d 946, 948).

Petitioner was not denied due process on the ground that Commissioner Rosa had served as General Counsel for the State Division of Human Rights at the time that the Division presented the case in support of the complaint. Petitioner does not challenge the Commissioner's position that she has exclusive authority to make a final agency determination following a hearing *(see,* Executive Law §§ 293, 297 [4] [c]). Because petitioner is unable to identify any other person authorized to make a determination or to issue a final order under the Human Rights Law, we conclude that the Rule of Necessity required Commissioner Rosa to make the determination in the present proceeding *(see, Maresca v Cuomo,* 64 NY2d 242, 247, n 1, *appeal dismissed* 474 US 802; *Matter of Morgenthau v Cooke,* 56 NY2d 24, 29, n 3). (Proceeding Pursuant to Executive Law § 298.) Present—Green, J. P., Lawton, Boehm, Fallon and Davis, JJ.