■ In the Matter of ANNIE CARR'S PUB, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [599 NYS2d 617] —Proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated May 6, 1991, which, after a hearing, found that the petitioner had violated Alcoholic Beverage Control Law § 65 (1), suspended the petitioner's on-premises liquor license for a period of 15 days, and ordered the forfeiture of its $1,000 bond claim.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the matter is remitted to the respondent for a new determination in accordance herewith.

By notice of pleading and hearing dated September 13, 1989, the respondent commenced an administrative proceeding, *inter alia,* to suspend the petitioner's license, charging that on July 21, 1989, the petitioner served alcoholic beverages to a minor in violation of Alcoholic Beverage Control Law § 65 (1). The petitioner requested a hearing, at which the waiter who had served the minor testified in support of its affirmative defense that any alcoholic beverages served to the minor that evening were served in reasonable reliance upon photographic identification he had displayed to the waiter *(see,*

Alcoholic Beverage Control Law § 65 [4]). The minor testified that he did not, in fact, have such identification on his person that evening and, in any event, that the waiter had not asked him to produce his identification either when he and his friends had initially entered the establishment or when he had placed his order for a mixed drink. The petitioner conceded that the minor had consumed the mixed drink while on the premises. After the hearing, the Administrative Law Judge discredited the minor's testimony and found that the petitioner had established the affirmative defense. Thereafter, by a vote of three to two, the New York State Liquor Authority declined to adopt that finding and instead determined that the minor had not, in fact, possessed photographic identification on his person that evening, and, thus, the petitioner had not met its burden of establishing the affirmative defense. Subsequently, the petitioner commenced the instant proceeding to challenge the determination.

We reject the petitioner's contention that the determination was not based upon substantial evidence (see, CPLR 7803 [3]). The minor's testimony, although in direct conflict with that offered on the petitioner's behalf, was ultimately credited by the respondent, and provided a sufficient basis for the determination that the charge was legitimate and that the petitioner did not establish the affirmative defense under Alcoholic Beverage Control Law § 65 (4) (see, Matter of Roc's Z-Bar v State of New York Liq. Auth., 189 AD2d 1077; Matter of Larowe v New York State Liq. Auth., 170 AD2d 905; Matter of Saratoga Mexican Corp. v Duffy, 162 AD2d 790).

However, since Commissioner Tillman, who was counsel for the respondent at the time this proceeding was commenced and later voted with the majority in rejecting the Administrative Law Judge's findings, acted in the dual capacity of both prosecutor and adjudicator in this matter, the impartiality of the determination is suspect and, as such, the determination must be annulled (see, Matter of Beer Garden v New York State Liq. Auth., 79 NY2d 266, 277-279; Matter of Fanon Rest. Corp. v New York State Liq. Auth., 178 AD2d 350; Matter of Bermuda Triangle Rest. Corp. v New York State Liq. Auth., 176 AD2d 200; Matter of Bayside Bowling & Recreation Ctr. v New York State Liq. Auth., 171 AD2d 576), notwithstanding that the petitioner failed to raise this particular objection at anytime prior to bringing this proceeding (see, Matter of Fanon Rest. Corp. v New York State Liq. Auth., supra). Accordingly, the findings of the Administrative Law Judge must be reconsidered by the New York State Liquor Authority,

without the participation of Commissioner Tillman. Thompson, J. P., Miller, Eiber and Santucci, JJ., concur.