■ In the Matter of COUNTY OF WESTCHESTER, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [605 NYS2d 316] —Proceeding pursuant to Executive Law § 298 to review a determination made after a fair hearing of the Commissioner of the New York State Division of Human Rights, dated December 12, 1990, which, *inter alia,* directed the petitioner to hire John Doe, awarded Doe $30,000 for "mental anguish," and ordered the petitioner to conduct training programs in Federal and State anti-discrimination regulations.

Adjudged that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the New York State Division of Human Rights for the issuance of a new determination by an impartial arbiter in accordance herewith.

Throughout the instant litigation, Margarita Rosa's name was featured on various documents, transcripts, hearing notices, etc., as General Counsel for the New York State Division of Human Rights (hereinafter the SDHR), which appeared on behalf of the complainant. In consequence, she may not thereafter decide the case as Commissioner of the SDHR without presenting "at least an appearance of unfairness" *(Matter of General Motors Corp. v Rosa,* 82 NY2d 183, 188, *revg* 187 AD2d 960; *see also, Matter of City of Rochester,* 208 NY 188; *Matter of Beer Garden v New York State Liq. Auth.,* 171 AD2d 565, *mod* 79 NY2d 266; *Matter of Bayside Bowling & Recreation Ctr. v New York State Liq. Auth.,* 171 AD2d 576, *mod on other grounds* 79 NY2d 266; *Adika v Corbisiero,* 154 AD2d 299, 300-301; *Matter of Washington County Cease v Persico,* 99 AD2d 321, 329, *affd* 64 NY2d 923; Judiciary Law § 14). Moreover, the "Rule of Necessity" does not apply, as Commissioner Rosa could have designated a subordinate to issue a decision

that was impartial in appearance as well as in fact *(Matter of General Motors Corp. v Rosa, supra; see also,* Executive Law § 295 [6]; Public Officers Law § 9; *Matter of City of Rochester, supra,* at 195; *State Div. of Human Rights v New York Roadrunners Club,* 101 Misc 2d 239, 242; *cf., Matter of Morgenthau v Cooke,* 56 NY2d 24).

There is no need to reopen the hearing, however, as the record at bar is facially complete *(cf., Matter of Farley v New York State Dept. of Civ. Serv.,* 142 AD2d 783). We direct that, on remittitur, the Commissioner's surrogate reassess the evidence in the light of the factors which the United State Supreme Court ruled were deserving of consideration in *School Bd. v Arline* (480 US 273).

We note that the Commissioner may not, as a matter of law, direct the County Commissioner of Hospitals to appoint Doe to "the next available" pharmacy position, because the SDHR may not usurp an appointing official's power to fill civil service posts *(see, City of Schenectady v State Div. of Human Rights,* 37 NY2d 421; *Matter of New York State Dept. of Mental Hygiene v State Div. of Human Rights,* 103 AD2d 546, *affd* 66 NY2d 752; *State Div. of Human Rights v Human Rights Commn.,* 79 AD2d 181; *State Div. of Human Rights v County of Oswego,* 62 AD2d 1151). The record establishes that Doe had never been formally hired, and the Commissioner cannot "reinstate" him in a job that he had not formerly possessed, nor put him in a better position than he had enjoyed before the alleged discrimination occurred *(cf., Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept.,* 71 NY2d 623; Executive Law § 297 [4] [c]). O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.