| **Alegre v City of New York** |
| 2024 NY Slip Op 31850(U) |
| May 28, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157532/2022 |
| Judge: Hasa A. Kingo |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | HON. HASA A. KINGO | PART | 05M |
| | *Justice* | | |

-------------------------------------------------------------------------------X

EMEL LYNDL ALEGRE

                                      Plaintiff,

                       - v -

THE CITY OF NEW YORK,

                                    Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157532/2022 |
| MOTION DATE | 03/14/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17

were read on this motion to/for                         DISMISS                     .

    Upon the foregoing documents, defendant the City of New York (the "City") moves, pursuant to CPLR § 3211(a)(7), to dismiss the complaint for failure to state a cause of action. Plaintiff Emel Lyndl Alegre ("Plaintiff") opposes and cross-moves pursuant to CPLR § 3025(b) for leave to amend the complaint. For the reasons set forth herein, both the motion and cross-motion are granted in part and to the extent set forth herein.

## BACKGROUND

    Plaintiff commenced this employment discrimination action to recover damages and for injunctive relief against his employer, the New York City Police Department (the "NYPD").[1] Plaintiff is a former police officer who joined the NYPD on January 17, 2008 (NYSCEF Doc No. 1, complaint ¶ 6). Plaintiff was involved in an off-duty incident in June 2018 wherein he was attacked by a motorist in a road rage incident and was subsequently arrested (*id.* ¶¶ 7-8). After the arrest, Plaintiff was suspended by the NYPD for thirty days and was thereafter placed on modified

---

[1] Except where otherwise noted, the facts are recited here as asserted in the complaint and are accepted as true for purposes of this motion, as required on a motion to dismiss pursuant to CPLR § 3211(a)(7).

**157532/2022  ALEGRE, EMEL LYNDL vs. THE CITY OF NEW YORK**                **Page 1 of 16**
Motion No.  001

1 of 16

duty (*id*. ¶¶ 9-10). He ultimately took a plea of disorderly conduct, a violation (*id*. ¶ 11). Plaintiff attended nine weeks of anger management training as part of his plea deal (*id*. ¶ 12).

On October 23, 2020, after the criminal matter was closed, Plaintiff was part of a GO-15 wherein he was told that if he did not vest and retire he would be terminated despite not being guilty of a crime (*id*. ¶ 13).[2] Plaintiff alleges this threat was based on his race because similarly situated employees who have been arrested were not terminated from their employment (*id*. ¶ 14). Although not alleged in the complaint, Plaintiff's opposition to the motion and proposed amended complaint indicate that he is Asian (NYSCEF Doc No. 10, amended complaint ¶ 10; NYSCEF Doc No. 9, affirmation in opposition at 18). The complaint includes factual allegations regarding several individuals who are similarly situated to Plaintiff except for their race and suffered a lesser penalty (complaint ¶¶ 33-100). Plaintiff asserts that he had no choice but to submit his retirement papers, which constitutes a constructive discharge from the NYPD (*id*. ¶¶ 15-16). On June 15, 2021, Plaintiff resigned from the NYPD under threat of discharge (*id*. ¶ 20). Plaintiff was further denied an Identification Card upon his retirement, causing him further injury (*id*. ¶ 21).

On September 2, 2022, Plaintiff commenced this action by filing a summons and complaint (NYSCEF Doc No. 1). The complaint interposes five causes of action for (1) race discrimination in violation of New York State Executive Law § 296, (2) race discrimination in violation of New York City Administrative Code § 8-107, (3) race discrimination strict liability in violation of New York City Administrative Code § 8-107(13)(b), (4) Arrest history/conviction discrimination in violation of New York State Executive Law § 296, and (5) Arrest history/conviction discrimination in violation of New York City Administrative Code § 8-107.

---

[2] "A GO-15 is an interview in connection with allegations of serious misconduct or corruption" (*Mullins v City of NY*, 626 F3d 47, 50 [2d Cir 2010]).

**157532/2022   ALEGRE, EMEL LYNDL vs. THE CITY OF NEW YORK**
**Motion No. 001**

**Page 2 of 16**

2 of 16

The City filed this motion to dismiss on March 14, 2023 (NYSCEF Doc No. 4).[3] Plaintiff opposes the motion to dismiss and cross-moves to amend the complaint (NYSCEF Doc No. 8). The proposed amended complaint contains additional allegations regarding NYPD policy and procedure regarding the use of sealed arrest records, disciplinary policy with respect to Asian officers, Plaintiff's disciplinary proceedings with the NYPD, and three additional causes of action for violation of criminal procedure law sections 160.50 and 160.60, violation of criminal procedure law section 160.50, and violation of article I, section 6 of the New York Constitution. The new causes of action purport to be as against the City and "Klineman, individually," but "Klineman" is neither listed in the caption nor otherwise identified in the amended complaint.

## DISCUSSION

### A. Motion to Amend

Given the nature and extent of the proposed amendments to the complaint, the court will first address the cross-motion to amend. Pursuant to CPLR Rule 3025, a party may amend or supplement their pleading "at any time by leave of court or by stipulation of all parties" (CPLR § 3025 [a]). "Leave shall be freely given upon such terms as may be just" (*id.*). "[I]n the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Favourite Ltd. v Cico,* 208 AD3d 99, 108 [1st Dept 2022]). A proposed amendment "is devoid of merit where the allegations are legally insufficient" (*Reyes v BSP Realty Corp.,* 171 AD3d 504, 504 [1st Dept 2019]). The party opposing the amendment bears a heavy burden of showing prejudice (*McGhee v Odell*, 96 AD3d 449, 450 [1st Dept 2012]), or demonstrating that

---

[3] The City's time to answer was extended pursuant to two stipulations between the parties (NYSCEF Doc Nos. 2-3).

**157532/2022   ALEGRE, EMEL LYNDL vs. THE CITY OF NEW YORK**                **Page 3 of 16**
**Motion No.  001**

the facts as alleged are unreliable or insufficient to support the motion (*Peach Parking Corp. v 346 W. 40th St.*, LLC, 42 AD3d 82, 86 [1st Dept 2007]).

Plaintiff's proposed amended complaint clarifies Plaintiff's race as Asian and interposes new causes of action for violation of criminal procedure law sections 160.50 and 160.60, violation of criminal procedure law section 160.55, and violation of article I, section 6 of the New York Constitution. Plaintiff also alleges in the amended complaint that the NYPD used information obtained from his sealed arrest records in violation of a preliminary injunction issued against the NYPD in another case pending before this court, captioned *R.C. v. City of New York*, New York County Supreme Court Index Number 153739/2018 ("*R.C.*"). The proposed amended complaint seeks injunctive relief to enforce the preliminary injunction in that matter.

In relevant part, CPL § 160.50 provides for sealing of criminal records upon the termination of a criminal action in favor of the accused. Once the records are sealed, the records may only be accessed by the accused or their agent, and by others in six circumstances set forth in the statute as follows:

> (d) such records shall be made available to the person accused or to such person's designated agent, and shall be made available to
>
>> (i) a prosecutor in any proceeding in which the accused has moved for an order pursuant to section 170.56 or 210.46 of this chapter, or
>>
>> (ii) a law enforcement agency upon ex parte motion in any superior court, or in any district court, city court or the criminal court of the city of New York provided that such court sealed the record, if such agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it, or
>>
>> (iii) any state or local officer or agency with responsibility for the issuance of licenses to possess guns, when the accused has made application for such a license, or
>>
>> (iv) the New York state department of corrections and community supervision when the accused is on parole supervision as a result of conditional release or a parole release granted by the New York state board of parole, and the arrest which is the subject of the inquiry is one which occurred while the accused was under such supervision, or

**157532/2022 ALEGRE, EMEL LYNDL vs. THE CITY OF NEW YORK**
**Motion No. 001**

**Page 4 of 16**

4 of 16

(v) any prospective employer of a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of this chapter, in relation to an application for employment as a police officer or peace officer; provided, however, that every person who is an applicant for the position of police officer or peace officer shall be furnished with a copy of all records obtained under this paragraph and afforded an opportunity to make an explanation thereto, or

(vi) the probation department responsible for supervision of the accused when the arrest which is the subject of the inquiry is one which occurred while the accused was under such supervision; and

(CPL § 160.50[1][d][i]-[vi]). These exceptions must be narrowly construed (*Matter of Joseph M. [New York City Bd. of Educ.]*, 82 NY2d 128 [1993]). Similarly, CPL § 160.55 requires the sealing of records which terminate by a conviction for a violation, regardless of the class of offense initially charged (CPL § 160.55[1]). Both sections 160.50 and 160.55 require every photograph of such person and photographic plate or proof, and all palmprints and fingerprints taken or made of the accused to be destroyed or returned to the individual at the time of the termination of the criminal action or proceeding (CPL § 160.50[1][a], 160.55[1][a]).

Pursuant to CPL § 160.60, "[u]pon the termination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision two of section 160.50 of this chapter, the arrest and prosecution shall be deemed a nullity and the accused shall be restored, in contemplation of law, to the status he occupied before the arrest and prosecution" (CPL § 160.60). The statute further provides that "[t]he arrest or prosecution shall not operate as a disqualification of any person so accused to pursue or engage in any lawful activity, occupation, profession, or calling" (*id.*). The statute further provides that no person shall be compelled to divulge information regarding a sealed arrest or prosecution, "[e]xcept where specifically required or permitted by statute or upon specific authorization of a superior court" (*id.*).

Courts have held that plaintiffs have a right to a civil remedy for violations of the CPL sealing provisions, but CPL § 160.60 and related statutes do not implicate a constitutionally

**157532/2022   ALEGRE, EMEL LYNDL vs. THE CITY OF NEW YORK**
**Motion No.  001**

**Page 5 of 16**

5 of 16

derived right, including a constitutional right to due process (*People v Patterson*, 78 NY2d 711, 715 [1991]; *Charles Q. v Constantine*, 85 NY2d 571, 575 [1995]). In *R.C.*, the plaintiffs allege that the NYPD maintains numerous databases containing information that is sealed under these statutes and routinely accesses the records for investigative and other purposes without court permission in violation of the statutes (*R.C. v City of New York*, 64 Misc3d 368, 369-370 [Sup Ct, NY County 2019]). The City moved to dismiss the *R.C.* complaint and argued that "the policy, language, and judicial interpretation of [CPL §§ 160.50 and 160.60] permit the NYPD to use sealed arrest information within its possession for investigatory or other purposes," including "**officer discipline**, and/or to 'identify problems' and 'improve service' with in the NYPD" (*id.* at 371, 376 [emphasis added]). In an exhaustive decision dated April 29, 2019, Justice Alexander M. Tisch examined the plain language, legislative history and purpose of the sealing statutes, and relevant case law and unequivocally rejected the City's arguments, holding that "these contentions are without merit as the statute **does not permit such uses**" (*id.* at 376 [emphasis added]; *see also New York State Police v Charles Q*, 192 AD2d 142, 143-46 [3d Dept 1993][noting that no exception to unseal information is available for discipline and/or employment purposes because the police department should be treated like any other public employer and is not acting in its capacity as a "law enforcement agency"]). In a decision issued in the same case on September 27, 2021, now presided over by Justice Lyle E. Frank, the court issued a preliminary injunction against the NYPD, enjoining the NYPD from accessing sealed records in a manner not contemplated by the sealing statutes, from training NYPD personnel in a manner that violates the sealing statute, and compelling the NYPD to issue a training message to NYPD personnel with access to sealed arrest information that they are prohibited from accessing the information for law enforcement

**157532/2022   ALEGRE, EMEL LYNDL vs. THE CITY OF NEW YORK**
**Motion No.  001**

**Page 6 of 16**

6 of 16

purposes without a court order (*R.C. v City of New York*, 2021 NY Slip Op 32049[U][Sup Ct, NY County 2021]).

Plaintiff's proposed amended complaint alleges that his arrest records were sealed by the Criminal Court pursuant to CPL §§ 160.50 and 160.60 as a result of the plea agreement (amended complaint ¶¶ 74-75), but the NYPD failed to seal his records and destroy or return photographs and fingerprints relating to his arrest as required by the CPL and improperly used or disclosed information from his arrest record in violation of the statute and in violation of the injunction issued in *R.C.* (amended complaint ¶¶ 50-56, 239, 245-246). These factual allegations asserted in the proposed amended complaint are sufficient to state a cause of action for violations of the sealing statutes, but not pursuant to the New York Constitution (*see Patterson*, 78 NY2d at 717).

The City's argument that the proposed causes of action are "futile" because they must be challenged in an Article 78 proceeding is unpersuasive because there was no antecedent agency determination regarding Plaintiff's sealed arrest records, nor has the City alleged one. Equally unpersuasive is the City's argument that it did not violate the preliminary injunction issued in *R.C.* because Plaintiff does not allege that sealed materials were used for investigatory purposes (NYSCEF Doc No. 12, reply memorandum at 8). The April 29, 2019 decision states clearly and unequivocally that use of sealed records is not permitted for officer discipline (*R.C. v City of New York*, 64 Misc3d at 376), and the order language of the preliminary injunction is not limited to only investigatory purposes (*R.C.*, 2021 NY Slip Op 32049[U] at *3). In a subsequent decision dated March 2, 2023, the court found that the City violated the preliminary injunction when it "in an effort to encourage the New York State Legislature to amend the 2019 bail reform law, Defendants aggregated and provided anonymized statistics to the media regarding New York City's top ten recidivists" (Index No. 153739/2018, NYSCEF Doc No. 251 at 4; NYSCEF Doc No. 251 at 4). In

**157532/2022   ALEGRE, EMEL LYNDL vs. THE CITY OF NEW YORK**                    **Page 7 of 16**
**Motion No.  001**

[* 7]                                                                    7 of 16

so finding, the court explained that the conduct "is at the very heart of this [c]ourt's preliminary injunction: the apparent routine accessing of sealed records by individuals within the New York City Police Department" (*id*. at 2).[4] At this stage, it is not clear to what extent and for what reasons the NYPD may have accessed Plaintiff's sealed records, but it cannot be said, as a matter of law, that these actions were not in violation of the preliminary injunction. Therefore, the proposed amendments are not palpably insufficient, and the amendment will be permitted, excluding the proposed eighth cause of action (*see Patterson*, 78 NY2d at 715).

### B. Motion to Dismiss

On a motion to dismiss brought under CPLR § 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994] [citations omitted]). Ambiguous allegations must be resolved in the plaintiff's favor (*see JF Capital Advisors, LLC v Lightstone Group, LLC*, 25 NY3d 759, 764 [2015]). "The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 West 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002] [internal citations omitted]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (*Cortlandt Street Recovery Corp. v Bonderman*, 31 NY3d 30, 38 [2018]), but a pleading consisting of "bare legal conclusions" is insufficient (*Leder v Spiegel*, 31 AD3d 266, 267 [1st Dept 2006], *affd* 9 NY3d 836 [2007], *cert denied* 552 US 1257 [2008]) and "the court is not required to accept factual allegations that are plainly contradicted by the

---

[4] Justice Frank subsequently approved a global "implementation plan" governing the disclosure of sealed arrest records, which is currently on appeal to the First Department (*RC v City of New York*, 2023 NY Slip Op 34008 [Sup Ct, NY County 2023]). Internal disciplinary proceedings are not among the permitted uses of sealed arrest records outlined in the implementation plan.

**157532/2022  ALEGRE, EMEL LYNDL vs. THE CITY OF NEW YORK**  **Page 8 of 16**
Motion No.  001

8 of 16

documentary evidence or legal conclusions that are unsupportable based upon the undisputed facts" (*Robinson v Robinson*, 303 AD2d 234, 235 [1st Dept 2003]). Employment discrimination case are generally reviewed under notice pleading standards, in which a "plaintiff alleging employment discrimination need not plead specific facts establishing a *prima facie* case of discrimination but need only give fair notice of the nature of the claim and its grounds" (*Vig v New York Hairspray Co., L.P.*, 67 AD3d 140, 145 [1st Dept 2009][internal quotations omitted]).

"The State and City Human Rights Laws proscribe employment discrimination based on, among other grounds, race and either sex or gender" (*see Syeed v Bloomberg L.P.*, — NE3d —, 2024 NY Slip Op 01330 [2024], *2, citing Executive Law § 296[1][a]; Administrative Code of City of N.Y. § 8–107[1][a][2]). The statutes also prohibit discrimination on the basis of arrest history (Executive Law § 296[16], Administrative Law § 8-107[10]). In 2019, the NYSHRL was amended to align the language and purpose of the statute with the language and purpose of the NYCHRL. With the amendments, both the City and State Human Rights Law must be liberally construed to accomplish the remedial purposes that they serve (*Syeed*, 2024 NY Slip Op 01330 [2024] at *2). [5] "Exceptions and exemptions to both statues shall be construed narrowly in order to maximize deterrence of discriminatory conduct," and courts must "construe the Human Rights Laws broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible" (*id.* [internal quotes and citations omitted]). Although post-amendment case law is limited, courts interpreting discrimination claims under the NYSHRL have begun to turn to interpretations of the NYCHRL for guidance (*see Cannizzaro v. City of New York*, 82 Misc3d 563, 577 [Sup Ct, NY County 2023]; *Brown v New York City Dept. of Educ.*, 2023 NY Slip Op

---

[5] These amendments are applicable to Plaintiff's claims because they accrued after the amendments were adopted on August 19, 2019 (*Syeed v Bloomberg L.P.*, 568 F Supp 3d 314, 321 [SD NY 2021]).

**157532/2022   ALEGRE, EMEL LYNDL vs. THE CITY OF NEW YORK**                    **Page 9 of 16**
**Motion No.  001**

30106[U], *8, [Sup Ct, NY County 2023]). "As the amended NYSHRL adopts the same standard as the NYCHRL, the plaintiff's 'NYSHRL claims rise and fall with [the] NYCHRL claims'" (*Cannizzaro*, 82 Misc3d at 578, citing *Syeed v Bloomberg L.P.*, 568 FSupp3d 314, 321 [SDNY 2021]).

Plaintiff's complaint and amended complaint interpose causes of action for race discrimination, hostile work environment, and arrest history discrimination under both the NYSHRL and the NYCHRL. To state a cause of action for race discrimination under the NYSHRL, a plaintiff must plead factual allegations that the plaintiff (1) is a member of a protected class, (2) was qualified to hold the position, (3) was terminated or subjected to another adverse employment action, and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Harrington v City of New York*, 157 AD3d 582, 584 [1st Dept 2018]). Under the NYCHRL, a plaintiff must plead the same elements, but may satisfy their burden on the third element by pleading factual allegations they that they were treated differently or worse than other employees (*Harrington*, 157 AD3d at 584).[6]

The City argues that Plaintiff has not stated a cause of action for race discrimination because he failed to plead his race and because Plaintiff did not plead an actionable adverse action, specifically, a constructive discharge or sufficient details regarding denial of a promotion. On the contrary, Plaintiff's failure to plead his race is not fatal to his claim because the information in the complaint is sufficient to infer that he is not white (*see Greenidge v. City of New York*, 2023 NY Slip Op 33506[U] [Sup Ct, NY County 2023]), and because his amended complaint includes this

---

[6] Noting that the "materially adverse" requirement is absent from the NYCHRL, at least one court of this jurisdiction has utilized the more liberal NYCHRL standard to the third element of NYSHRL claims (*Brown*, 2023 NY Slip Op 30106[U] at *9).

**157532/2022   ALEGRE, EMEL LYNDL vs. THE CITY OF NEW YORK**                    **Page 10 of 16**
**Motion No.  001**

10 of 16

information (*see* NYSCEF Doc No. 10, amended complaint ¶ 10). The proposed amended complaint also alleges that "Asians are treated worse in the NYPD trial room in that they often received harsher punishments than their white colleagues" (*id.* ¶ 108). This is sufficient to satisfy the first element of the cause of action. Plaintiff also sufficiently pleads that he was qualified to hold the position, which is demonstrated by his thirteen years of employment as an NYPD officer (*id.* ¶ 66).

With respect to the third element, Plaintiff's allegation that he was told at a GO-15 that "if he did not vest and retire he would be terminated" (amended complaint ¶¶ 73, 79) is sufficient to plead a constructive discharge (*see Lopez v S.B. Thomas, Inc.*, 831 F2d 1184 [2d Cir 1987][Trier of fact might find that employer's statement alone suffices to establish a constructive discharge where employer told plaintiff that he would be fired at the end of the 90-day probationary period no matter what he did to improve his allegedly deficient performance]). Although the speaker of the statement is not specifically identified, the NYPD is no doubt in possession of records which indicate the time, place, and attendees at the GO-15 and, therefore, the allegation that the statement occurred at the GO-15 is sufficient to give the City requisite notice of the claim. A constructive discharge is considered an adverse employment action (*see Dall v St. Catherine of Siena Med. Ctr.*, 966 FSupp 2d 167, 177 [EDNY 2013]). Finally, the many comparators identified by the Plaintiff are sufficient to plead circumstances giving rise to an inference of discrimination (*see e.g.*, amended complaint ¶¶ 118-130), particularly with respect to officer Garcia, a Hispanic male who also pled guilty to disorderly conduct and remained employed by the NYPD (amended complaint ¶¶ 87, 173-176; *see Shah v Wilco Sys., Inc.*, 27 AD3d 169, 177 [1st Dept 2005]["While their circumstances do not have to be identical, there should be a reasonably close resemblance of

**157532/2022  ALEGRE, EMEL LYNDL vs. THE CITY OF NEW YORK**
**Motion No. 001**

Page 11 of 16

facts and circumstances. What is key is that they be similar in significant respects"][internal quote and citations omitted]).

The City also moves to dismiss the cause of action "to the extent that the Complaint can be read to allege a hostile work environment" (NYSCEF Doc No. 5, memo in support at 13). Prior to the 2019 amendments to the NYSHRL, to establish a prima facie cause of action for hostile work environment, a plaintiff had to demonstrate that the workplace was permeated with discriminatory intimidation, ridicule and insult that was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment (*Forrest*, 3 NY3d at 310). Under the amended statute, harassment is actionable "regardless of whether such harassment would be considered severe or pervasive under precedent applied to harassment claims" (Executive Law § 296[1][h]). "Such harassment is an unlawful discriminatory practice when it subjects an individual to inferior terms, conditions or privileges of employment because of the individual's membership in one or more of these protected categories" (*id*.). This aligns with the NYCHRL, under which a plaintiff to states a cause of action for hostile work environment by alleging that they were treated "differently" or "less well" than other employees because of a protected status (*Askin v Department of Educ. of the City of N.Y.*, 110 AD3d 621, 622 [1st Dept 2013]; *Williams v NYC Hous. Auth.*, 61 AD3d 62, 78 [1st Dept 2009]). Applying the required liberal pleading standard and affording Plaintiff every possible favorable inference, dismissal is not appropriate at this time where the Plaintiff has stated a viable claim for hostile work environment.

Finally, Defendants move to dismiss Plaintiff's cause of action for arrest history discrimination. With the enactment of Executive Law § 296, "the Legislature made it an unlawful discriminatory practice [], except in specified cases, for any person or agency to inquire into or take adverse action in connection with the licensing, employment or providing of credit or

**157532/2022   ALEGRE, EMEL LYNDL vs. THE CITY OF NEW YORK**
**Motion No. 001**

**Page 12 of 16**

12 of 16

insurance to an individual in regard to a favorably terminated criminal action" (*People v Patterson*, 78 NY2d 711, 715 [1991]), as defined by CPL § 160.50(2).[7] Similarly, Administrative Law § 8-107 made it an unlawful discriminatory practice for an employer to discriminate against any person "based on pending arrests and criminal accusations, and criminal convictions pending and during employment" (Administrative Law § 8-107[10]) and "for any person to make any inquiry in writing or otherwise about, or deny employment to, any applicant or act adversely upon any employee by reason of an arrest of or criminal accusation against such applicant or employee when such inquiry, denial or adverse action is in violation of subdivision 16 of section 296 of article 15 of the executive law" (Administrative Law § 8-107[11]).

Although Executive Law § 296(16) permits pre-employment inquiry into the arrest records of applicants for law enforcement positions, courts have held that police officers may maintain an action for arrest history discrimination under Executive Law § 296 in connection with arrests that occur during the course of their employment (*see Annabi v Cassio*, 269 AD2d 551, 551 [2d Dept 2000][Plaintiff police officer stated a cause of action for arrest history discrimination where the officer alleged that his employer took adverse employment actions against the plaintiff based on the fact that the plaintiff was arrested, although the arrest had not resulted in a conviction]; *Sheriff's Dept v State Div. of Hum. Rts.*, 129 AD2d 789, 790 [2d Dept 1987]). However, the relevant provisions of the NYCHRL related to arrest history discrimination do not apply to police officers (Administrative Code § 8-107[10][b], [c], [g]; *Garcia v City of New York*, 2023 NY Slip Op

---

[7] CPL § 160.50(2) provides as follows: A report of the termination of the action or proceeding in favor of the accused shall be sufficient notice of sealing to the commissioner of the division of criminal justice services unless the report also indicates that the court directed that the record not be sealed in the interests of justice. Where the court has determined pursuant to subdivision one of this section that sealing is not in the interest of justice, the clerk of the court shall include notification of that determination in any report to such division of the disposition of the action or proceeding.

**157532/2022   ALEGRE, EMEL LYNDL vs. THE CITY OF NEW YORK**                    **Page 13 of 16**
**Motion No.  001**

[* 13]                                        13 of 16

32966[U][Sup Ct, NY County 2023]). Therefore, dismissal is appropriate with respect to the cause of action for arrest history discrimination under the NYCHRL.

Incorporating the facts elucidated in *R.C.* and other matters, Plaintiff alleges that the NYPD had a policy or practice of accessing and disclosing sealed arrest records to prosecutors and using these sealed arrest records against NYPD employees for internal disciplinary proceedings, in violation of the sealing statutes (proposed amended complaint ¶ 9). He further alleges that the NYPD accessed his arrest records, which were sealed as a result of his plea agreement, in violation of CPL §§ 160.50, 160.55, and 160.60 and improperly utilized the records in a discriminatory fashion in his disciplinary proceeding, which resulted in his constructive discharge. These allegations are sufficient to plead a cause of action for arrest history discrimination.

The City alleges Plaintiff failed to state a cause of action for arrest history discrimination because he did not plead an adverse employment action or set forth any facts suggesting that he was treated less well because of his protected status or that defendants were motivated by discriminatory animus on the basis of Plaintiff's arrest record. As set forth above, the Plaintiff pled an adverse employment action on the basis of constructive discharge (*see supra* at 11). For the purposes of this motion, the constructive discharge allegations, read in conjunction with the factual allegations that the NYPD accessed Plaintiff's arrest records in violation of the sealing statutes and the preliminary injunction issued in *R.C.*, are sufficient to infer discriminatory animus (*see Annabi v Cassio*, [269 AD2d at 551). Therefore, the motion to dismiss is denied with respect to this cause of action.

## C. Strict Liability Race Discrimination

Section 8-107(13)(b) of the NYCHRL imposes strict liability on an employer for unlawful discriminatory practices of managers and supervisors where the employer knew or should have

**157532/2022 ALEGRE, EMEL LYNDL vs. THE CITY OF NEW YORK**
**Motion No. 001**

**Page 14 of 16**

14 of 16

known of the discrimination and failed to take corrective action notwithstanding public policy arguments against the imposition of strict liability for discrimination (Administrative Law § 8-107(13)(b); *Russell v New York Univ.*, — NE3d —, 2024 WL 1773218 [2024]; *Zakrzewska v New Sch.*, 14 NY3d 469, 480 [2010]). Plaintiff's allegations that his supervisors and managers discriminated against him and the City was aware of these actions but failed to take corrective remedial action is sufficient to withstand a motion to dismiss pursuant to CPLR § 3211(a)(7).

**D. Retaliation and Punitive Damages**

Although the City moves to dismiss any cause of action for retaliation, Plaintiff did not plead a cause of action for retaliation in either the complaint or amended complaint and does not purport to assert such claim (memo in opposition at 23). Therefore, this portion of the motion is denied. Whereas Plaintiff also concedes that punitive damages are not recoverable from the City, the request for punitive damages is dismissed.

Accordingly, it is

ORDERED that Plaintiff's motion for leave to amend the complaint is granted, in part, as follows: leave is granted to amend in the proposed format filed at NYSCEF Doc No. 10, but leave is denied with respect to the proposed eighth cause of action (paragraphs 248-252) and all references to the unidentified individual "Klineman"; and it is further

ORDERED that the motion to dismiss is granted in part and to the extent that the fifth cause of action and the request for punitive damages are dismissed; and it is further

ORDERED that, within 20 days from entry of this order, plaintiff shall serve a copy of this order with notice of entry and the amended complaint in conformity herewith; and it is further

ORDERED that the defendant shall answer the amended complaint or otherwise respond thereto within 20 days from the date of said service; and it is further

**157532/2022   ALEGRE, EMEL LYNDL vs. THE CITY OF NEW YORK**
**Motion No. 001**

**Page 15 of 16**

15 of 16

ORDERED that the clerk is directed to schedule this matter for a preliminary conference in the Differentiated Case Management Part on the earliest available date, upon Plaintiff filing a request for the same.

This constitutes the decision and order of the court.

<u>5/28/2024</u>
**DATE**

202405291007 30HKING09FA... 5EC7A478BB67AF63C09E62B07

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | **X** | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**157532/2022   ALEGRE, EMEL LYNDL vs. THE CITY OF NEW YORK**
**Motion No.  001**

Page 16 of 16