■ Louis Guidetti, Respondent, v Pratt Plumbing & Heating, Inc., Appellant.—Appeal from a judgment of the Supreme Court in favor of plaintiff, entered October 1, 1975 in Albany County, upon a decision of the court at a Trial Term, without a jury. This is an action to recover damages for breach of contract. In October, 1968, plaintiff, as general contractor for a prospective owner of a 24-unit apartment building in Albany, entered into an agreement whereby defendant undertook to install plumbing for the subject apartment building. The contract, on a form supplied by the defendant, stated that the plumbing would be installed in compliance with the Albany Plumbing Code. The contract further stated that all material was guaranteed to be as specified and that all work was to be completed in a workmanlike manner according to standard practices. Defendant did, in fact, install the required plumbing which was inspected and approved by an Albany City Plumbing Inspector. In late 1968 plaintiff paid defendant the full contract price. By the spring of 1969 the building had been completed, a certificate of occupancy had been issued, and a few tenants had already begun occupancy. Shortly thereafter, the plumbing system for the building started backing up into the bathtubs and showers in apartments on the first floor. The backup was sufficient to cause spillage onto the floors and carpets of first-floor apartments. Defendant, at plaintiff's request, was able to temporarily alleviate the problem. A few months later the problem reoccurred, but defendant declined to provide any further assistance at that time. However, in April, 1971, defendant did return to the subject premises and agreed to uncover one section of pipe. Upon clearing that length of pipe of an obstruction, defendant replaced the cut out piece of pipe and then billed plaintiff $192 for the additional services rendered. Plaintiff did not pay this bill. In May of 1972 plaintiff hired R. D. T. Construction Co. (hereinafter R. D. T.) to excavate beneath the apartment building to uncover the plumbing pipes, and to make any necessary repairs to permanently alleviate the sewer backup problem. R. D. T. Construction Co. discovered during the course of their work two pieces of pipe which sloped away from the street and main sewer line, rather than towards the street as the whole plumbing system for the subject building should have sloped. The pitch of the two pieces of pipe was clearly in violation of the Albany Plumbing Code. R. D. T. made the necessary repairs and billed plaintiff $3,595.28 for its services. In addition, plaintiff incurred other expenses for cleaning and restoring the premises. Plaintiff commenced this litigation alleging causes of action couched in the language of breach of implied warranty and breach of express warranty. Judgment was awarded to plaintiff for expenses incurred in repairing the plumbing and the damages to the premises caused by the

backups. Defendant contends on this appeal that the trial court erred in denying its motions, made before and after trial to dismiss the complaint for failure to state a cause of action and make out a prima facie case. We disagree. While plaintiff may have failed to establish a breach of warranty, express or implied, under the Uniform Commercial Code, the complaint does allege that defendant undertook to install plumbing in a "workmanlike manner according to standard practices" and in compliance with requirements of the Albany Plumbing Code, and that the plumbing as installed did not satisfy these standards. Such allegations clearly constitute facts which, if proven, constitute an action for breach of contract, regardless of any erroneous theory with which plaintiff may have labeled his complaint. "It is enough now that a pleader state the facts making out a cause of action, and it matters not whether he gives a name to the cause of action at all or even that he gives it a wrong name" (Diemer v Diemer, 8 NY2d 206, 212). Defendant further assigns error by the trial court in awarding judgment for plaintiff, contending that plaintiff failed to establish a prima facie case and, in the alternative, that a complete defense was proven. These claims must be rejected. Plaintiff did establish that the defendant agreed to install plumbing in the subject premises in a "workmanlike manner according to standard practices"; that plaintiff paid defendant in full for the work performed; that backups in the plumbing occurred shortly after tenants moved into the subject building; that upon excavating the underground pipe it was discovered that two pieces of the pipe were at an improper pitch; that these improperly pitched pieces of pipe could have caused the backups; and that plaintiff incurred expenses in repairing the pipe and the premises. There was no direct proof that defendant's poor workmanship caused the improperly sloped pipe, but from the evidence a "reasonable inference" could be drawn that defendant did, in fact, defectively install the plumbing. There was, therefore, sufficient evidence to establish a prima facie case. By way of defense, testimony was offered as to the procedures which had been taken in installing the plumbing to show that defendant had used due care. Obviously, the determination of whether or not defendant's testimony established sufficient facts was within the province of the court as trier of fact. Defendant further attempted to show that the soil used to fill the construction site was unusually loose, and that heavy machinery had driven over this soil, exerting pressure which caused displacement of the pipes. The trial court, in assessing the credibility of the witnesses and the quality of the evidence before it, expressed the view that such a conclusion could only be reached by speculation. We see no reason to disturb this finding. Defendant's final contention on this appeal relates to certain bills admitted into evidence to establish plaintiff's damages. It is urged that there was no proof, as to these bills, that they represented the reasonable value of the services performed. We disagree. Judgment affirmed, with costs. Greenblott, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.