■ GENEVIEVE J. BESNER et al., as Administratrices of the Estates of JAMES BESNER and Another, Deceased, and as Guardians of CHRISTIN L. BESNER and Others, et al., Respon-

dents-Appellants, v MICHAEL A. BUCCI, Defendant; HENNING CREDIT REPORTING SERVICES, INC., Respondent, and 1205 W. FAYETTE ST., INC., Doing Business as MAGGIE JORDANS, Appellant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Special Term erred in denying the motion of defendant 1205 W. Fayette St., Inc., doing business as Maggie Jordans, for summary judgment dismissing plaintiffs' first, second and third causes of action against it. Common-law liability is not to be imposed upon a tavern owner for conduct of an intoxicated patron when the injury takes place at a location some distance from the owner's establishment (Delamater v Kimmerle, 104 AD2d 242; Wright v Sunset Recreation, 91 AD2d 701). Accordingly, plaintiffs' causes of action sounding in common-law negligence for damages resulting from an automobile accident which occurred on Interstate Route 81 involving plaintiffs' decedents and a patron of Maggie Jordans must be dismissed.

Plaintiffs' fourth cause of action must also be dismissed. The Dram Shop Act does not allow recovery for damages resulting from loss of consortium (Valicenti v Valenze, 68 NY2d 826).

Special Term's order was otherwise proper. (Appeals from order of Supreme Court, Onondaga County, Donovan, J.—summary judgment.) Present—Dillon, P. J., Doerr, Green, Balio and Davis, JJ.