OPINION OF THE COURT
Carmen R. Parenti, J.
Motions have been submitted by defendants Theodore J. Marshall and Craig E. Emerson, doing business as C & W Mini Mart (hereinafter Mini Mart) and defendant Alyson K. Holloway (hereinafter Holloway). Defendant Holloway’s motion is for summary judgment in both action number one and action number two and defendant Mini Mart’s motion is directed to only action number one and seeks dismissal of all *457 causes of action set forth in the complaint against the defendant Mini Mart, pursuant to CPLR 3211 (a) on the ground that the complaint fails to state a cause of action against defendant Mini Mart.
Both actions arose from an accident which occurred at approximately 12:30 a.m. on July 8, 1988, in the Town of Galen, when a vehicle operated by Richard Conaway and apparently owned by defendant Holloway left the River Road, went over an embankment and flipped over, coming to rest upside down in the Clyde River. It is unquestioned that the vehicle was operated by Richard Conaway and that there were three passengers in the vehicle at the time: Edward E. Lee, Jr., David McEndree and William LaPlant. The only survivor was William LaPlant who was a passenger in the rear seat of the vehicle.
On the afternoon prior to the accident, Richard Conaway and William LaPlant were at the Richard Conaway mobile home at Beal’s Trailer Park near or in the Village of Lyons. Holloway visited them at the mobile home residence and at approximately 6:00 or 6:30 p.m. on July 8, 1988, purchased a 12-pack of beer at a Quik Fill convenience store in the neighborhood. Holloway was 23 years of age and both LaPlant and Conaway less than 21 years of age. Upon return to the Conaway mobile home most, if not all of the beer, was consumed by Conaway and LaPlant.
At approximately 10:00 p.m., Holloway, who was desirous of returning home to her apartment in Newark, returned home with both Conaway and LaPlant in the vehicle and gave Conaway the car to use and return to her the next day.
Conaway and LaPlant thereafter met Edward E. Lee, Jr. and David McEndree at Perkin’s Restaurant in Newark and the four of them decided to attend a carnival in Weedsport, New York. Lee and McEndree apparently left in their own vehicle with arrangements having been made for Conaway and LaPlant to pick them up so that the four of them could continue on to Weedsport.
Prior to picking up Lee and McEndree, Conaway drove to the C & W Mini Mart store and LaPlant, who was then 20 years of age (Conaway was 19 years of age), went into the Mini Mart and purchased a 12-pack of beer from one Karen Pickering, an employee of the Mini Mart. Conaway remained in the car or parking lot and never entered the Mini Mart at any time.
*458 After the beer had been purchased, Conaway operated the vehicle and LaPlant and he picked up Lee and McEndree and continued on to the carnival in the vicinity of Weedsport. It would appear that no beer was purchased at the carnival and that 1 or more of the 4 individuals consumed the beer purchased at the Mini Mart in the car and while at the carnival. For this reason, the plaintiffs have apparently consented to a discontinuance of the action against the Agricultural Society of Cayuga County and Glenn Donnelly, who apparently conducted the carnival.
CAUSES OF ACTION AGAINST THE DEFENDANT C&W MINI MART
The plaintiffs in the first above-entitled action have instituted causes of action against the Mini Mart, alleging damages arising from common-law negligence, actual damages pursuant to section 11-101 of the General Obligations Law, and punitive damages pursuant to that same section.
Plaintiffs have agreed that no cause of action exists for negligence and thus have no objection to the dismissal of the common-law negligence claim. The only question remaining then is whether or not the complaint states a valid cause of action for compensatory and punitive damages pursuant to General Obligations Law § 11-101.
Section 11-101 (1) of the General Obligations Law reads as follows: "Any person who shall be injured in person, property, means of support or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication; and in any such action such person shall have a right to recover actual and exemplary damages.” It seems clear to this court that plaintiffs must fail with respect to any alleged claim under the Dram Shop Act (General Obligations Law § 11-101). Since no cause of action existed at common law against a seller of intoxicating liquors for injuries caused by the consumer of same, the Dram Shop Act, being in derogation of common law, must be strictly construed. As stated in D’Amico v Christie (71 NY2d 76, 84), "[w]e find no basis for departing from the consistent interpretation of lower courts that the Dram Shop Act requires a commercial sale of alcohol”.
Although there was a commercial sale in this matter, the *459 New York courts have interpreted the statute to require a direct sale. Since the sale of the beer by the employee of Mini Mart was not a direct sale to the operator of the vehicle who caused the injuries, the Dram Shop Act does not apply. The employee of the Mini Mart was not involved in the "unlawful selling to or unlawfully assisting m procuring liquor for such intoxicated person” (General Obligations Law § 11-101 [1]) under the facts of the instant case.
It is also clear that the Mini Mart cannot be held responsible under a claim that they have unlawfully assisted in procuring liquor for Richard Conaway by providing it to William LaPlant. There being no evidence of a direct sale by the Mini Mart to Conaway, there can be no liability on the part of the Mini Mart in selling alcoholic beverages to an individual who was not the operator of the vehicle at the time of the accident.
This court, therefore, must grant defendant Mini Mart’s motion to dismiss all causes of action in the amended complaint in action number one set forth above. All cross claims against the defendant, Mini Mart, are also dismissed.
CAUSES OF ACTION AGAINST ALYSON K. HOLLOWAY
The defendant Holloway, a common defendant in both of these actions, has moved for summary judgment with respect to the causes of action set forth in both amended complaints. More particularly, the motion for summary judgment is directed to the first, second, ninth and tenth causes of action in each complaint and requests, in addition to the dismissal of the causes of action, a dismissal of any cross claims against the defendant Holloway.
Unlike the situation with the Mini Mart, the defendant Holloway was not involved in the commercial sale of alcohol and the Dram Shop Act (General Obligations Law § 11-101) clearly is not applicable. Section 11-100 (1) of the General Obligations Law reads as follows: "Any person who shall be injured in person, property, means of support or otherwise, by reason of the intoxication or impairment of ability of any person under the age of twenty-one years, whether resulting in his death or not, shall have a right of action to recover actual damages against any person who knowingly causes such intoxication or impairment of ability by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages for such person with knowledge or reasonable cause to believe that *460 such person was under the age of twenty-one years” (emphasis provided).
This statute was clearly enacted by our Legislature to cover the situation which is now before the court, namely, the giving or providing of alcohol to someone less than 21 years of age. A commercial sale of alcoholic beverages is not required. Holloway unquestioningly provided alcohol to Richard Conaway while at his mobile home at or near the Village of Lyons on the evening prior to the fatal accident (as late as perhaps 10:00 p.m.). The defendant Holloway’s motion for summary judgment with respect to the first and second causes of action set forth in each amended complaint must therefore be denied. Factual issues exist which can only be resolved upon trial of the actions.
It is argued by defendant Holloway that the accident is too remote in both distance and time from the alcohol consumption in the trailer. This, however, is also a question of fact and it would be inappropriate for the court to resolve the issue summarily.
The tenth cause of action of both amended complaints seeks exemplary or punitive damages, alleging that the conduct of Holloway was reckless, wanton and malicious. Unlike section 11-101 of the General Obligations Law, section 11-100 does not contain language permitting recovery of exemplary damages. It must be assumed that the Legislature in enacting section 11-100 of the General Obligations Law specifically excluded the provision for exemplary damages since it considered the general issue of damages and only provided for recovery of actual damages.
Defendant Holloway’s motion for summary judgment must therefore be granted with respect to the tenth cause of action in both amended complaints since the clear intention of the Legislature is apparent from the language of section 11-100 of the General Obligations Law.
The court finally must consider the ninth causes of action in both complaints which allege a cause of action for the unlawful furnishing of alcohol in violation of the Alcoholic Beverage Control Law. It is assumed by the court that section 65 of the Alcoholic Beverage Control Law is the provision of law referred to in the complaints.
As stated in Powers v Niagara Mohawk Power Corp. (129 AD2d 37, 40) "General Obligations Law § 11-101 * * * must be read in conjunction with Alcoholic Beverage Control Law *461 § 65”. Section 65 is the criminal counterpart to General Obligations Law § 11-101 (Greer v Ferrizz, 118 AD2d 536; Moyer v Lo Jim Cafe, 19 AD2d 523).
Although Alcoholic Beverage Control Law §65 should be read in conjunction with General Obligations Law § 11-101, it does not create an independent statutory cause of action. (Moyer v Lo Jim Cafe, supra.) The same conclusion should be reached with respect to General Obligations Law § 11-100, the language of which for the most part tracks that of section 11-101.
In the case of Sheehy v Big Flats Community Day (73 NY2d 629), the Court of Appeals affirmed the Appellate Division of the Supreme Court, Third Judicial Department, who in turn had affirmed the trial court’s grant of summary judgment dismissing the complaint.
At page 633 of that decision, the court states: "The Appellate Division affirmed, holding that the existence of a recently enacted statute providing for civil liability in cases involving the provision of alcoholic beverages to individuals under the legal purchase age (General Obligations Law § 11-100) precluded any inference that the Legislature intended a judicially created right of recovery based upon the Penal Law provision”. As stated above, section 65 of the Alcoholic Beverage Control Law is the criminal counterpart of section 11-101 and perhaps section 11-100 of the General Obligations Law. This court concludes that, as the Appellate Division held with regard to the Penal Law provisions, the legislative enactment of section 11-100 of the General Obligations Law similarly precludes the plaintiffs in the instant matters from initiating separate causes of action under section 65 of the Alcoholic Beverage Control Law.
Therefore, this court is of the opinion that defendant Holloway’s motion for summary judgment directed to the ninth causes of action of the amended complaints must be granted.