■ HAZEL STEWART, as Parent and Natural Guardian of LEAPERT STEWART, JR., an Infant, Appellant, v SHAWN D. TAYLOR et al., Defendants, NIAGARA FRONTIER SERVICES, INC., Doing Business as TOPS FRIENDLY MARKETS, Respondent, and PAMELA ROSEN et al., Appellants.—Order and judgment unanimously affirmed without costs. Memorandum: Supreme Court correctly determined that a commercial vendor cannot be held liable under section 11-100 or 11-101 of the General Obligations Law absent proof that it sold alcoholic beverages directly to the alleged tort-feasor (General Obligations Law § 11-101; *see also, Smith v Guli,* 117 AD2d 1017; *Lee v Holloway,* 146 Misc 2d 455) or that it unlawfully furnished such beverages to an under-age person alleged to be the tort-feasor (General Obligations Law § 11-100).

The court did not abuse its discretion by entertaining defendant's application to renew a prior motion for summary judgment. The prior motion was denied because the court concluded that a factual issue existed whether the intoxicated

driver or some other person actually purchased the beer from defendant vendor. Depositions conducted subsequent to that motion further supported the vendor's claim that it sold beer to someone other than the under-age driver and that the driver never entered the store. Consideration of those additional facts on a motion to renew was appropriate *(see, Sciascia v Nevins,* 130 AD2d 649). (Appeal from order and judgment of Supreme Court, Monroe County, Wesley, J.—summary judgment.) Present—Dillon, P. J., Callahan, Boomer, Green and Balio, JJ.