12

STEVE R. HASKELL, Individually and as Parent and Natural Guardian of BECKY JO HASKELL et al., Infants, and as Administrator of the Estates of RYAN HASKELL et al., Deceased, Respondent, v CHAUTAUQUA COUNTY FIREMAN'S FRATERNITY, INC., et al., Appellants, and CAROLYN A. HEBNER, Respondent, et al., Defendants.

CAROLYN A. HEBNER et al., Respondents, v JOHN W. CARLSON et al., Defendants, and COUNTY OF CHAUTAUQUA et al., Appellants.

Fourth Department, November 18, 1992

## APPEARANCES OF COUNSEL

*Stephen M. Abdella, County Attorney* of Chautauqua County *(Michael J. Sullivan* of counsel), for County of Chautauqua and another, appellants.

*Hurwitz & Fine, P. C.,* Buffalo *(Paula Eade* of counsel), for Chautauqua County Volunteer Fireman's Fraternity and another, appellants.

*Grosse, Rossetti, Chelus & Herdzik, P. C.,* Buffalo *(Michael Chelus* of counsel), for City of Dunkirk, appellant.

*O'Shea, Reynolds, Napier, Cummings & Kirby,* Buffalo *(Kevin Bauer* of counsel), for Murray Hose Company No. 4., Inc., appellant.

*Joseph A. Ables, Jr.,* Buffalo *(Walter Pacer, Jr.,* of counsel), for Portland Fire District No. 1 and others, appellants.

*Burgett & Robbins,* Jamestown *(Mary Speedy Hajdu* of counsel), for Steve R. Haskell, respondent.

*Anthony J. Spann,* Dunkirk, and *Koren, Bertell & Hoey,* Buffalo, for Carolyn A. Hebner and another, respondents.

*Canale, Madden & Burke, P. C.,* Buffalo, for John W. Carlson, respondent.

*Kiebala & Rubin,* Williamsville, for Mark E. Davenport, respondent.

## OPINION OF THE COURT

CALLAHAN, J. P.

These consolidated actions seek to recover damages for personal injuries and wrongful death arising out of an automobile accident which occurred on Chautauqua County Road No. 310 on the evening of July 18, 1987. Earlier that day, defendant Carlson had attended the Gala Days event, a fundraiser to benefit various volunteer fire departments. The Gala Days event was organized by the Gala Days Committee, which was comprised of members of the Chautauqua County Fireman's Fraternity, Inc., a not-for-profit corporation which

owned the grounds where the event was held. Defendants Murray Hose Company and the Portland Fire Company operated the beer concessions where Carlson consumed a number of beers. There was evidence that Carlson appeared to be "somewhat drunk" when he left the event. As Carlson was driving home, he attempted to pass another vehicle when he collided with an oncoming vehicle being operated by defendant Hebner, causing the death of two passengers and serious injuries to the others. Carlson was arrested for driving while intoxicated and subsequently pleaded guilty to various charges arising out of the accident, including vehicular manslaughter and vehicular assault.

Plaintiff commenced this action against Carlson, Hebner, the County of Chautauqua (County), Fireman's Fraternity, the Gala Days Committee, the City of Dunkirk, Murray Hose Company, Portland Fire District No. 1, Portland Fire Protection District No. 2 and the Portland Volunteer Fire Department. The causes of action against the County alleged negligent design, construction and maintenance of the County road. The causes of action against the remaining defendants were predicated upon claims of common-law negligence as well as a claimed violation of the Dram Shop Act (General Obligations Law § 11-101).

■ After joinder of issue, the various municipal and fire department defendants brought separate motions for summary judgment. Defendants County of Chautauqua and Chautauqua County Highway Department/Department of Public Works moved for summary judgment on the ground that plaintiff failed to comply with the requirements of the County's prior notice law and also on the ground that plaintiff failed to make out a prima facie case of negligence on the part of the County. In opposition to the County's assertion that it did not receive prior written notice of the alleged defects in the highway (see, Highway Law § 139 [2]; Local Laws, 1985, No. 3 of County of Chautauqua), plaintiff submitted a copy of a petition signed by numerous residents of the area where the accident took place, advising various municipal and County officials, including the Chautauqua County Superintendent of Highways, about the "hazardous traffic situation" on the road in the area where the accident took place. That petition was sufficient to satisfy the prior written notice requirement of the local law. Plaintiff submitted evidence, in admissible form, sufficient to raise a triable issue of fact whether the County defendants were negligent in their maintenance of the road,

particularly with respect to the painting and marking of the center lines of the road in the area of the accident. Thus, Supreme Court properly denied the motion of the County defendants for summary judgment.

Defendants Fireman's Fraternity and Gala Days Committee moved for summary judgment dismissing plaintiff's complaint on the ground that they had no involvement with the operation of the beer concessions at the Gala Days event. Defendant Murray Hose moved for summary judgment on the ground that there was insufficient evidence to support a cause of action for negligence or under the Dram Shop Act. Defendant City of Dunkirk moved for summary judgment on the ground that it was not vicariously liable for any alleged negligent acts or omissions of volunteer firemen who were taking part in a non-work-related fundraiser. Defendants Portland Fire District No. 1, Portland Fire Protection District No. 2, and Portland Volunteer Fire Department moved for summary judgment on the grounds that: (1) neither Portland Fire Protection District No. 2 nor the Portland Volunteer Fire Department is a proper legal entity which could be sued, and (2) Portland Fire District No. 1 could not be held liable for the activities of its firemen in selling beer at a fund-raising event which is outside the scope of their duties as firefighters.

In New York the courts have declined to impose common-law liability upon providers of alcohol for the conduct of an intoxicated person when the injury takes place at a location some distance from the defendant's property (see, D'Amico v Christie, 71 NY2d 76, 85; Besner v Bucci, 135 AD2d 1081, 1082; Delamater v Kimmerle, 104 AD2d 242; Wright v Sunset Recreation, 91 AD2d 701). Thus, Supreme Court erred in denying the motions of Fireman's Fraternity, Gala Days Committee and Murray Hose insofar as they sought dismissal of the common-law negligence causes of action asserted against them.

Plaintiff's recovery against the nonmunicipal defendants must be based upon a claim under the Dram Shop Act (General Obligations Law § 11-101), which provides that: "1. Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawfully selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication; and in any such action such

person shall have a right to recover actual and exemplary damages."

■ The Dram Shop Act has consistently been held applicable only to sales of alcohol for profit—that is, commercial sales *(see, D'Amico v Christie, supra,* at 83). Defendants Fireman's Fraternity and Gala Days Committee argue that a Dram Shop Act cause of action cannot be asserted against them because there is no proof that they "sold" any alcohol at the event. We agree. A vendor cannot be held liable under the Dram Shop Act absent proof that it sold alcoholic beverages directly to the alleged tortfeasor *(see, Stewart v Taylor,* 167 AD2d 846, *lv denied* 77 NY2d 805; *Smith v Guli,* 117 AD2d 1017). Murray Hose and the Portland Fire Company, however, operated the two concessions which sold beer and defendant Carlson appeared to be "somewhat drunk" when he left the event. Thus, we conclude that Supreme Court properly denied defendants' motions to dismiss the Dram Shop Act causes of action against Murray Hose and the Portland Fire Company.

■ Although the City is vested with the authority to control the activities of the Murray Hose Company *(see,* Not-For-Profit Corporation Law § 1402 [e] [1]; General Municipal Law § 204-a [6] [b]), participation by volunteer firefighters in fund-raising activities is not deemed to constitute "duty as volunteer firemen" within the meaning of the civil liability provisions of the General Municipal Law *(see,* General Municipal Law § 204-a [7]). Moreover, defendant City submitted evidentiary proof that it had not received the statutorily required prior written notice of the fire company's fund-raising activities *(see,* General Municipal Law § 204-a [8] [a]). Thus, Supreme Court erred in denying defendant City's motion for summary judgment.

■ Since Portland Fire Protection District No. 2 submitted proof that it is only a defined taxing district which has no independent legal status, it is not a proper party which can be sued *(see, Nelson v Garcia,* 152 AD2d 22). Where, as here, the Town created a fire district, its volunteer firemen are employees of the district, which is the proper legal party to be sued. Thus, Portland Fire District No. 1 is the proper party defendant and the court should have dismissed the claims against the Fire Protection District and the Volunteer Fire Company.

Accordingly, the order should be modified (1) by granting the motions of Fireman's Fraternity, Gala Days Committee and Murray Hose dismissing the common-law negligence

causes of action asserted against them; (2) by granting the motion of Fireman's Fraternity and Gala Days Committee dismissing the Dram Shop causes of action asserted against them; (3) by granting the City's motion for summary judgment; and (4) by dismissing the causes of action against the Portland Fire Protection District No. 2 and the Portland Volunteer Fire Company and otherwise the order should be affirmed.

BOOMER, PINE, LAWTON and BOEHM, JJ., concur.

Order unanimously modified, on the law, and as modified, affirmed, without costs, in accordance with the opinion by CALLAHAN, J. P.