■ JAMES R. FURIO, Appellant, v PALM BEACH CLUB, INC., Doing Business as THE NETWORK, et al., Respondents. [613 NYS2d 314] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff's notice of appeal states that this appeal is taken from an order. A judgment was entered on the same date as the order from which this appeal is taken. Where, as here, the order is subsumed within a judgment, the appeal is from the judgment and not from the order (see, Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988). We exercise our discretion to disregard the misstatement in the notice of appeal (see, CPLR 5520 [c]), and we deem the appeal to have been taken from the judgment (see, Soto v Montanez, 201 AD2d 876; Hughes v Nussbaumer, Clarke & Velzy, supra).

Supreme Court properly granted defendants' motion pursuant to CPLR 4401 and dismissed the complaint for failure to establish a prima facie case. Viewing the evidence in the light most favorable to plaintiff, we conclude that there is no rational process by which the jury could have found in favor

of plaintiff and against defendants on the evidence presented *(see, Schafer v Standard Ry. Fusee Corp.,* 200 AD2d 564; *Kleinmunz v Katz,* 190 AD2d 657). Inasmuch as plaintiff was unable to identify the person who struck him, he was unable to offer proof that the unknown patron who allegedly struck him at defendants' establishment was either underage or intoxicated, that defendants knowingly caused the patron to become intoxicated or that defendants knew or had reason to believe that the patron was underage. Thus, plaintiff's cause of action alleging a violation of General Obligations Law § 11-101 was properly dismissed *(see, Sherman v Robinson,* 80 NY2d 483, 487-488; *Haskell v Chautauqua County Fireman's Fraternity,* 184 AD2d 12, 17, *lv dismissed* 81 NY2d 954; *Stewart v Taylor,* 167 AD2d 846, *lv denied* 77 NY2d 805).

Additionally, plaintiff failed to establish a prima facie case of common-law negligence. Defendants are under a common-law duty to "control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" *(D'Amico v Christie,* 71 NY2d 76, 85; *see also, Sheehy v Big Flats Community Day,* 73 NY2d 629, 637; *Silver v Sheraton-Smithtown Inn,* 121 AD2d 711, 712). Plaintiff failed to offer proof either that defendants had the opportunity to control the patron or that defendants knew or were reasonably aware of the need for such control. (Appeal from Judgment of Supreme Court, Oneida County, Grow, J.—Dismiss Action.) Present—Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.