OPINION OF THE COURT
Andrew V. Siracuse, J.
This case presents a significant question in the area of governmental tort liability: when written notice is given to an office which holds itself out as competent to investigate and resolve maintenance problems, may the municipality rely on a statute that requires notice to be given to another official? Under these circumstances, this court holds, the purpose of the prior notice statute has been met and the action may proceed.
On February 11, 1994, plaintiff Carol Gilmore allegedly slipped and fell on broken sidewalk pavement outside her house in the City of Rochester, sustaining serious injuries. She and her husband filed a timely notice of claim and filed and served a summons and complaint. The defendant City now moves to dismiss on two grounds: failure to allege compliance with section 7-13 of the Rochester City Code, which requires prior written notice of dangerous conditions to the City Engineer, and improper inclusion of a specific ad damnum in the complaint.
The plaintiffs’ complaint does not allege compliance with the City’s notice requirement; it states only that the City had actual or constructive notice of the condition. No notice of a defect was recorded in the City Engineer’s log book, which is kept as required by General Municipal Law § 50-g. In response to the City’s motion, however, the plaintiffs submitted copies of correspondence between Mrs. Gilmore and the Mayor’s office. A letter from Mrs. Gilmore, dated March 10, 1991, informed the office that "the sidewalk needs replacing for [sic] someone gets seriously hurt”. On April 30, Evelyn Rodriguez of the Mayor’s Service Office responded, stating that the letter was recorded in her office on April 12, 1991, that the sidewalk *662 was inspected by an engineer and it was determined that it did not meet "the hazardous sidewalk repair criteria stated in the City’s program.” Mrs. Gilmore replied on May 16. She noted the inspection made by City employee Charles Landy, complained about her reception on the phone and insisted that the problem was a genuine one.
At oral argument the City’s counsel admitted that Landy, who is employed under the City Engineer’s office, did inspect the sidewalk, but suggested that his failure to detect a dangerous condition in itself foreclosed a suit. The thrust of the City’s position, however, is that by failing to plead compliance with the prior written notice requirement the complaint is fatally defective. The City also maintains that the exchange of letters detailed above would not constitute sufficient notice if the pleadings had properly alleged compliance.
Before reaching the merits two preliminary issues must be resolved. The City is correct in arguing that the complaint violated CPLR 3017 by demanding a specific monetary award. It errs, though, in moving to dismiss the complaint on this ground. The proper remedy is to strike the offending clause (see, Twitchell v MacKay, 78 AD2d 125, 129).
Second, in a motion to dismiss for failure to state a claim, answering affidavits may remedy deficiencies in the pleadings (see, CPLR 3211 [c]), and prior notice may be established thereby (Becker v City of New York, 131 AD2d 413, 415-416; see also, Haskell v Chautauqua County Fireman’s Fraternity, 184 AD2d 12 [complaint did not allege compliance but notice proved by affidavits]; cf, Swartzman v County of Chautauqua, 152 AD2d 970 [no showing of compliance as well as no allegation in complaint]). Thus, failure to plead compliance, in and of itself, will not support a motion to dismiss. On this point the City relies on cases dealing with notices of claim. These are not analogous; in them the plaintiff seeks permission to do an act not timely done, where here the plaintiff only seeks a renewed opportunity to show the timely performance of an act in the past.
The dispositive question is the adequacy of Mrs. Gilmore’s written notice, made to the Mayor’s office rather than to the Engineer. It is, first of all, clear that a municipality may require such notice, and that requirement will be strictly enforced. Actual knowledge of a dangerous condition on the part of a municipality will not permit a plaintiff to avoid a prior notice statute. Such statutes, though, are in derogation *663 of the common law; they "should be strictly construed and refer 'to physical conditions in the streets or sidewalks * * * which do not immediately come to the attention of the village officers unless they are given actual notice thereof.’ ” (Monteleone v Incorporated Vil. of Floral Park, 74 NY2d 917, 918, citing Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362, 366.) Whatever specificity may be dictated by the particular statute, the notice "should at the very least be such that it would 'probably have brought the particular condition at issue’ to the attention of the authorities” (Holt v County of Tioga, 95 AD2d 934, 935, citing Brooks v City of Binghamton, 55 AD2d 482, 483-484; see generally, Weinreb v City of New York, 193 AD2d 596, 598). The clear function of a prior notice statute is to relieve the municipality of tort responsibility for the sizable number of conditions that it would have no reason to know about. Citizen complaints define the scope of potential liability. The result in some cases may appear harsh, but alternatives to the prior notice requirement would have other drawbacks; imposition of liability for actual notice, for example, might discourage routine inspections and "pothole patrols”.
Mrs. Gilmore’s letter to the City was surely adequate to bring the attention of authorities to "the particular condition at issue”, and had it been addressed to the City Engineer there would have been clear compliance with the statute. It was not so addressed, of course; she sent the letter to the Mayor’s office and received her response from the Mayor’s Service Office.
The City’s argument is that the ordinance means what it says, and that anything other than written notice directly to the Engineer is noncompliance. There is a Westchester County Supreme Court case in which notice sent to the village manager rather than to the clerk was held to be ineffective (Sola v Halstead Auto Laundry Corp., 229 NYS2d 273). The recent Fourth Department case of Haskell v Chautauqua County Fireman’s Fraternity (184 AD2d 12, supra) suggests greater liberality; the County ordinance in question required notice either to the Clerk of the County Board or the Director of Public Works, neither of whom had any record of a complaint; but the Fourth Department held that a "petition signed by numerous residents of the area where the accident took place, advising various municipal and County officials, including the Chautauqua County Superintendent of Highways, about the 'hazardous traffic situation’ on the road in the area where the *664 accident took place * * * was sufficient to satisfy the prior written notice requirement of the local law.” (184 AD2d 12, 15, supra.)
Neither of these cases is truly relevant to the present one, though, because here Mrs. Gilmore was led to believe, by the actions of the City itself, that she had communicated her concern to the appropriate authority. After she wrote to the Mayor’s office an employee of the Engineering department came to her house, met with her, evaluated the problem and made his report. Mrs. Gilmore then received a reply explaining the City’s decision.
It would be unreasonable under these circumstances to require her to give another notice to the Engineer itself. Such a gesture would be futile except as it might bear on her rights —obviously speculative — to bring a lawsuit in the event that she fell. The purpose of the prior notice law had been met in every respect; the City was informed of the sidewalk problem, inspected it and had an opportunity to repair it.
By setting up the Mayor’s Service Office the City no doubt hoped to give a more human face to the municipal bureaucracy and to give citizens more access to City services. These are laudable aims. The public-contact function of the office, though, cannot be used as a trap. Had Mrs. Gilmore’s letter been addressed to the Engineer she would have seen the same response — until she brought this action. It was surely not the intention of the City to avoid tort liability by drawing off complaints to an office not specified in its prior notice law. Were the court to grant the City’s motion, though, it would be permitting just such a result.
It seems clear that the Engineer’s office received notice through the Mayor’s office, for otherwise Mr. Tandy’s inspection is inexplicable. This court, though, does not base its decision on any supposed written notice to the Engineer. It holds instead that in this case, at least, the Mayor’s Service Office assumed the functions of the Engineer as far as the prior notice ordinance is concerned, and that written notice of the condition of Mrs. Gilmore’s sidewalk was sufficient compliance with that ordinance.
The motion is denied except as to the ad damnum; that paragraph is stricken from the complaint.