■ In the Matter of TAP RESTAURANT CORPORATION, Doing Business as JOE'S BAR AND RESTAURANT, Petitioner, v NEW YORK STATE DIVISION OF ALCOHOLIC BEVERAGE AND CONTROL, NEW YORK STATE LIQUOR AUTHORITY, Respondent. [625 NYS2d 340] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which suspended petitioner's on-premises liquor license.

Petitioner was charged with a violation of Alcoholic Beverage Control Law § 65 (1) based upon the sale of alcohol in April 1993 to Billie-Jo Cartwright, who was then 17 years old. Cartwright obtained entry to petitioner's premises by displaying a New York driver's license which had been issued to Dawn Kean, who was then 24 years old. At the hearing, the attorney representing respondent called Cartwright as a witness. In response to the attorney's question about her presence in petitioner's premises, Cartwright invoked her 5th Amendment privilege and the attorney asked no further questions. Petitioner's attorney was permitted to introduce documentary evidence that Cartwright had entered a plea of guilty to a reduced charge of disorderly conduct arising out of her use of Kean's driver's license in August 1993. Petitioner's attorney was thereafter directed to focus his cross-examination on the

April 1993 incident which was the basis of the charge against petitioner. Ultimately, petitioner's attorney obtained an admission from Cartwright that she had used false or fraudulent identification to gain entry to petitioner's premises in April 1993, and he ceased his cross-examination.

Over the objections of respondent's attorney, the Administrative Law Judge (hereinafter ALJ) thereafter questioned Cartwright about her entry into petitioner's premises, her purchase of alcohol and her use of Kean's driver's license. On recross-examination, petitioner's attorney asked Cartwright if she had used Kean's driver's license on other occasions to obtain alcohol. An objection by respondent's attorney on the ground of relevancy was sustained. Petitioner's attorney asked no further questions of Cartwright.

Petitioner argues that it was denied due process which effectively prohibited it from establishing the affirmative defense of reasonable reliance on a photographic identification issued by a governmental entity (see, Alcoholic Beverage Control Law § 65 [4]). The argument is meritless. There is no support in the record for petitioner's claim that respondent's attorney advised and directed Cartwright to invoke her 5th Amendment privilege to frustrate petitioner's efforts to establish the defense. Nor is there any support in the record for petitioner's claim that it was prohibited from effectively cross-examining Cartwright. Questioning of Cartwright concerning her use of false identification, including Kean's driver's license, was properly limited to the April 1993 incident involving petitioner. That she may have used the identification to obtain alcohol on other occasions is not, in our view, relevant to the issue of whether it was reasonable for petitioner to rely on the identification in April 1993. The record reveals that petitioner's attorney made no effort at the hearing to question Cartwright about matters such as her make-up, dress and appearance when she entered petitioner's premises, which he now claims in his brief would have been relevant.

Nor is there any support in the record for petitioner's claim that it had no information prior to the hearing concerning the nature of the false identification used by Cartwright. Petitioner introduced documentary evidence of Cartwright's subsequent conviction of the reduced charge of disorderly conduct based upon the argument that the evidence was relevant to Cartwright's use of a false identification to enter petitioner's premises in April 1993. The documents contain a specific reference to Cartwright's use of Kean's driver's license. It is clear, therefore, that petitioner had knowledge prior to the

hearing of Cartwright's use of Kean's driver's license. In any event, assuming petitioner was unaware of Cartwright's use of Kean's driver's license to enter the premises in April 1993, petitioner did not request a continuance or the issuance of a subpoena once that use was disclosed at the hearing.

Turning to the substantial evidence question, we are concerned that the ALJ continued to question Cartwright about the April 1993 incident after she invoked her 5th Amendment privilege. Nevertheless, the statement given by Cartwright to the police in April 1993, which was introduced at the hearing, provides substantial evidence to support the finding that petitioner sold alcohol to a person actually under the age of 21 (see, Matter of Gray v Adduci, 73 NY2d 741; People ex rel. Vega v Smith, 66 NY2d 130, 139). Petitioner bore the burden of proof to establish the reasonable reliance affirmative defense (see, Alcoholic Beverage Control Law § 65 [4]; Matter of Annie Carr's Pub v New York State Liq. Auth., 194 AD2d 785). There is evidence in the record that Cartwright did in fact present a photographic identification which was apparently issued by a governmental entity, but the record supports respondent's conclusion that petitioner failed to establish that its reliance on the identification on the night in question was reasonable. As noted by respondent, the difference between Cartwright's age (17) and that established by Kean's driver's license (24) is substantial and there is evidence that the color of Cartwright's eyes is different than that shown on the license. Two of petitioner's employees testified that they always required identification of anyone who appeared to be under the age of 30, but they had no recollection of Cartwright. Neither witness testified as to the procedure used to check identifications to make sure the photograph and description on the identifications correspond to the patrons. Nor did petitioner present any written policy (see, Alcoholic Beverage Control Law § 65 [4]). We conclude that substantial evidence supports respondent's determination and, therefore, it must be confirmed.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.