[643 NYS2d 283]

RONALD D. COLE, Individually and as Administrator of the Estate of TANIA L. COLE, Deceased, et al., Appellants, v O'TOOLES OF UTICA, INC., Respondent, et al., Defendants. (Appeal No. 1.)

Fourth Department, May 31, 1996

### APPEARANCES OF COUNSEL

*Coupe, Siegel, Hester, Stephens, Kahler & Manion,* Utica *(Michael H. Stephens* of counsel), for appellants.

*Johnson, Atkinson, Getnick & Livingston,* Utica *(Thomas L. Atkinson* of counsel), for O'Tooles of Utica, Inc., respondent.

### OPINION OF THE COURT

DOERR, J.

At about 2:00 A.M. on July 7, 1990, 18-year-old Tania Cole, the daughter of plaintiffs Ronald and Terri Cole, was killed while a passenger in a car being driven by Joseph Gorsky, who failed to negotiate a sharp curve on Steuben Valley Road. The car went into a ditch and down an embankment, and flipped over onto its roof. Gorsky was also killed and another passenger in the vehicle, Adam Boudreau, sustained injuries.

Plaintiffs commenced this action individually and Ronald also commenced the action in his capacity as administrator of his daughter's estate. According to plaintiffs, in the early eve-

ning of July 6, 1990, Gorsky, who was under the legal drinking age, was served beer at defendant O'Tooles of Utica, Inc. (O'Tooles), and then attended Firemen's Field Days sponsored by defendant Floyd Fire Department Ladies Auxiliary, Inc. (Floyd), where he also purchased and consumed beer. Finally, Gorsky attended a house party on Steuben Valley Road. The house was rented to defendant Mark Scheidelman, who was not present during the party. The party was hosted by defendant Robert L. Ward, a frequent guest at the Scheidelman home. Assisting in the party preparations were defendants Nicholas Hinge and Christopher P. Caputo. Defendants Hinge and Caputo, who were both under the age of 21, took up a collection from partygoers, to which they and defendant Ward contributed, and went to a convenience store. Both entered the store and Caputo went up to the counter and purchased two kegs of beer for consumption by the partygoers. According to plaintiffs, Gorsky drank beer at the party and then took Cole and Boudreau for a ride in his new Camaro. The single-car accident occurred within a mile of the location of the party.

Defendants O'Tooles and Floyd moved for summary judgment dismissing the complaint on the ground that it alleged only a cause of action in common-law negligence and that such a cause of action does not lie under these circumstances. Plaintiffs argued in opposition that their complaint set forth a viable cause of action pursuant to General Obligations Law § 11-101 (Dram Shop). Supreme Court granted the motions of those defendants.

On a motion to dismiss a complaint for failure to state a cause of action, a court must look to the four corners of the complaint to ascertain whether a cognizable cause of action is stated (*see, Foley v D'Agostino,* 21 AD2d 60, 64-65). "The pleading can be pathetically drawn; it can reek of miserable draftsmanship" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3013:6, at 724). Plaintiffs need not label the cause of action; in fact, even if the cause of action is labeled incorrectly, it will not be dismissed if the facts alleged constitute a cognizable cause of action (*see, Guidetti v Pratt Plumbing & Heating,* 55 AD2d 720, 721). Finally, a plaintiff is permitted to prove at trial a theory of liability not specifically pleaded if the pleadings give notice of the transactions or occurrences intended to be proved and defendant does not demonstrate any prejudice therefrom (*see, Fried v Seippel,* 80 NY2d 32, 42).

■ Application of those principles compels reversal of the orders dismissing the complaint against defendants O'Tooles

and Floyd. To state a cause of action pursuant to General Obligations Law § 11-101, a plaintiff must allege that he or she is a person "injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person" (General Obligations Law § 11-101 [1]). Plaintiff must further allege that defendant, by unlawfully selling or unlawfully assisting in procuring liquor for such intoxicated person, caused or contributed to such intoxication. An illegal sale is a necessary element of a cause of action pursuant to General Obligations Law § 11-101 (see, Gabrielle v Craft, 75 AD2d 939, 940). The sale of alcoholic beverages to a minor is an illegal sale within the meaning of the statute (see, Johnson v Plotkin, 172 AD2d 88, 90-91, lv dismissed 79 NY2d 977; Powers v Niagara Mohawk Power Corp., 129 AD2d 37, 40).

In their complaint against O'Tooles and Floyd, plaintiffs allege that Gorsky, who was under the age of 21, was unlawfully a patron and was served alcoholic beverages for compensation. They further allege that the alcoholic beverages served to Gorsky by those defendants caused him to become intoxicated and to drive in a negligent and reckless manner, causing their daughter's death. Those allegations are sufficient to state a cause of action pursuant to General Obligations Law § 11-101.

We reject the argument of defendants O'Tooles and Floyd that plaintiffs must specifically mention the statute in their complaint in order to state a Dram Shop cause of action. The reliance of those defendants upon cases involving causes of action pursuant to General Municipal Law § 205-a is misplaced. General Municipal Law § 205-a provides injured firefighters with a cause of action against persons who fail to comply with the requirements of statutes, ordinances, rules, orders, and requirements of the Federal, State, County, or local governments. Because a cause of action pursuant to General Municipal Law § 205-a requires proof that defendant violated a statute, ordinance, rule, order, or requirement, courts require plaintiffs to specify the statute, ordinance, rule, order, or requirement alleged to be violated (see, Maisch v City of New York, 181 AD2d 467; Brophy v Generoso, 137 AD2d 478). Those cases do not stand for the general proposition advanced by defendants O'Tooles and Floyd, that a plaintiff must always specify a statute in order to state a statutory cause of action.

Although plaintiffs should have separately stated their common-law negligence and Dram Shop causes of action (see,

CPLR 3014), their failure to do so is not fatal where, as here, "but a single set of material facts is involved regardless of the theory of liability" (*Talbot v Johnson Newspaper Corp.*, 124 AD2d 284, 285; *see also,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3014:2, at 9). The allegations of the complaint sufficiently plead a Dram Shop cause of action as well as a common-law negligence cause of action (*see, Morrissey v Sheedy*, 26 AD2d 683; *cf., Bongiorno v D.I.G.I., Inc.,* 138 AD2d 120, 124-125). Although the court properly dismissed the complaint against defendants O'Tooles and Floyd insofar as it alleges a common-law negligence cause of action (*see, D'Amico v Christie*, 71 NY2d 76, 85; *Haskell v Chautauqua County Fireman's Fraternity*, 184 AD2d 12, 16, *lv dismissed* 81 NY2d 954), the court erred in dismissing the complaint insofar as it alleges a cause of action pursuant to General Obligations Law § 11-101.

Defendants Hinge and Caputo cross-moved and defendant Ward moved for summary judgment dismissing the complaint and cross claims against them. They argued that the proof did not demonstrate that Gorsky drank any alcoholic beverages at the house party. The court granted the cross motions and the motion, stating that it had "searched the record" and had found no evidence that Gorsky drank any alcoholic beverages at the house party on Steuben Valley Road. The court also denied plaintiffs' two subsequent motions to renew.

■ The court erred in dismissing the complaint and cross claims against those defendants. Plaintiffs allege that those defendants unlawfully procured alcoholic beverages for consumption by Gorsky, who was under the age of 21, and that Gorsky became intoxicated and drove his car in a negligent and reckless manner, causing the death of their daughter. Those allegations are sufficient to state a cause of action pursuant to General Obligations Law § 11-100.

To establish their entitlement to summary judgment, those defendants were required to demonstrate that plaintiffs have no cause of action as a matter of law (*see, Bush v St. Clare's Hosp.,* 82 NY2d 738, 739; *Ayotte v Gervasio*, 81 NY2d 1062, 1063; *Jarzabek v Tucci*, 155 AD2d 908). In support of their contention that Gorsky did not drink any beer at the party, those defendants presented only their own EBT testimony. Hinge testified that he did not see Gorsky at the party; he found out later that Gorsky had been there. Caputo testified

that he saw Gorsky at the party and, although Caputo was standing near the beer kegs, he did not observe Gorsky drink anything from them. Ward testified that he saw Gorsky for only a few seconds at the party, and that he did not see Gorsky drink anything.

The fact that defendants Hinge, Caputo and Ward did not observe Gorsky drink at the party does not prove as a matter of law that Gorsky did not drink; they were only three people out of 40 to 50 people at the party and each of those defendants admitted that he was intoxicated to some degree. Consequently, those defendants failed to meet their burden on their summary judgment motions, and the burden never shifted to plaintiffs to raise a triable issue of fact (*see, Ayotte v Gervasio, supra*; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

■ The court properly granted the cross motion of defendant Scheidelman for summary judgment dismissing the complaint. Scheidelman provided evidence that he was not at home at the time of the party, that he did not have advance knowledge that the party was going to be held, and that the injuries occurred off the premises under his control *(see, D'Amico v Christie, supra,* at 84-85), and plaintiffs failed to present evidence to raise an issue of fact. In light of our determinations of the cross motions of defendants Hinge and Caputo and the motion of defendant Ward, we need not determine whether the court properly denied plaintiffs' subsequent motions to renew.

Accordingly, the complaint insofar as it alleges a cause of action pursuant to General Obligations Law § 11-101 should be reinstated against defendants O'Tooles and Floyd. The complaint insofar as it alleges a cause of action pursuant to General Obligations Law § 11-100 and all cross claims should be reinstated against defendants Hinge, Caputo and Ward.

GREEN, J. P., LAWTON, WESLEY and BOEHM, JJ., concur.

Order unanimously reversed, on the law, without costs, motion denied and complaint against defendant O'Tooles of Utica, Inc. reinstated in accordance with the opinion by Doerr, J.

RONALD D. COLE, Individually and as Administrator of the Estate of TANIA L. COLE, Deceased, et al., Appellants, v O'TOOLES OF UTICA, INC., et al., Defendants, and FLOYD VOLUNTEER FIRE DEPARTMENT LADIES AUXILIARY, INC., Respondent. (Appeal No. 2.) [643 NYS2d 459] —Order unanimously reversed, on the law, without costs, motion denied and complaint against defendant Floyd Volunteer Fire Department Ladies Auxiliary,

Inc. reinstated in accordance with the same opinion by Doerr, J., as in *Cole v O'Tooles of Utica* ([appeal No. 1] 222 AD2d 88 [decided herewith]). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—GREEN, J. P., LAWTON, WESLEY, DOERR and BOEHM, JJ.

RONALD D. COLE, Individually and as Administrator of the Estate of TANIA L. COLE, Deceased, et al., Appellants, v O'TOOLES OF UTICA, INC., et al., Defendants, and CHRISTOPHER P. CAPUTO et al., Respondents. (Appeal No. 3.) [643 NYS2d 459] —Order insofar as appealed from unanimously reversed, on the law, without costs, cross motions denied and complaint and cross claims against defendants Christopher P. Caputo and Nicholas Hinge reinstated in accordance with the same opinion by Doerr, J., as in *Cole v O'Tooles of Utica* ([appeal No. 1] 222 AD2d 88 [decided herewith]). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—GREEN, J. P., LAWTON, WESLEY, DOERR and BOEHM, JJ.

RONALD D. COLE, Individually and as Administrator of the Estate of TANIA L. COLE, Deceased, et al., Appellants, v O'TOOLES OF UTICA, INC., et al., Defendants, and ROBERT L. WARD et al., Respondents. (Appeal No. 4.) [643 NYS2d 460] —Order unanimously modified, on the law, and as modified, affirmed, without costs, in accordance with the same opinion by Doerr, J., as in *Cole v O'Tooles of Utica* ([appeal No. 1] 222 AD2d 88 [decided herewith]). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—GREEN, J. P., LAWTON, WESLEY, DOERR and BOEHM, JJ.

RONALD D. COLE, Individually and as Administrator of the Estate of TANIA L. COLE, Deceased, et al., Appellants, v O'TOOLES OF UTICA, INC., et al., Defendants, and CHRISTOPHER P. CAPUTO et al., Respondents. (Appeal No. 5.) [643 NYS2d 460] —Appeal unanimously dismissed, without costs. Same opinion by Doerr, J., as in *Cole v O'Tooles of Utica* ([appeal No. 1] 222 AD2d 88 [decided herewith]). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Renewal.) Present—GREEN, J. P., LAWTON, WESLEY, DOERR and BOEHM, JJ.

RONALD D. COLE, Individually and as Administrator of the Estate of TANIA L. COLE, Deceased, et al., Appellants, v O'TOOLES OF UTICA, INC., et al., Defendants, and CHRISTOPHER P. CAPUTO et al., Respondents. (Appeal No. 6.) [643 NYS2d 461] —Appeal unanimously dismissed, without costs. Same opinion

by Doerr, J., as in *Cole v O'Tooles of Utica* ([appeal No. 1] 222 AD2d 88 [decided herewith]). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Renewal.) Present— GREEN, J. P., LAWTON, WESLEY, DOERR and BOEHM, JJ.