■ KAREN L. LYNDAKER et al., Appellants, v MORGAN J. REYNOLDS et al., Defendants, and RITE-AID DRUG PALACE, INC., Respondent. [752 NYS2d 509] —Appeal from an order of Supreme Court, Oswego County (Nicholson, J.), entered May 3, 2001, which granted the motion of defendant Rite-Aid Drug Palace, Inc. for summary judgment dismissing the first amended complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the first amended complaint against defendant Rite-Aid Drug Palace, Inc. is reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by plaintiff Karen L. Lyndaker when the vehicle that she was driving was struck by a vehicle driven by defendant Morgan J. Reynolds. Supreme Court erred in granting the motion of defendant Rite-Aid Drug Palace, Inc. (Rite-Aid) for summary judgment dismissing the first amended complaint against it. Although Rite-Aid met its initial burden on the motion, plaintiffs raised issues of fact whether Reynolds was intoxicated at the time of the accident and, if so, whether Rite-Aid is liable under General Obligations Law § 11-101 (1) (*see Johnson v Plotkin*, 172 AD2d 88, 90-92, *lv dismissed* 79 NY2d 977; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562). It is undisputed that, approximately one-half hour before the accident, Reynolds purchased a case of beer from Rite-Aid, although the number of bottles in the case of beer is disputed, ranging from 18 to 24 bottles. Plaintiff Edward C. Lyndaker, the passenger of the vehicle that Karen Lyndaker was driving, averred in an opposing affidavit that, immediately after the accident, Reynolds was staggering and unsteady, his pants were wet, and he smelled of alcohol. Reynolds and the two passengers in his vehicle each testified at their depositions they were on their way to a party at the time of the accident. According to the arrest report, 17 cold cans of beer were confiscated from the Reynolds vehicle. The information charging Reynolds with a violation of the alcohol beverage control law states that approximately 15 cold bottles of beer were confiscated. It thus appears that Reynolds and the two passengers in his vehicle may have consumed from 1 to 9 bottles of beer between the time of the unlawful sale of beer and the

accident. Pursuant to General Obligations Law § 11-101 (1), the issue is whether the unlawful sale of beer to Reynolds contributed to his alleged intoxication. "Intoxication is not * * * a concept that requires an expert opinion. 'A layman * * * should be able to determine whether defendant's consumption of alcohol has rendered him [intoxicated]' " (*Renzo v Tops Friendly Mkts.*, 136 AD2d 952, 953; *see generally People v Cruz*, 48 NY2d 419, 427-428, *appeal dismissed* 446 US 901; *People v Bennett*, 238 AD2d 898, 899, *lv denied* 90 NY2d 855, 890). Here, plaintiffs raised issues of fact whether Reynolds was intoxicated and, if so, whether Rite-Aid's unlawful sale of beer to him contributed to that intoxication, rendering Rite-Aid subject to liability pursuant to General Obligations Law § 11-101 (1).

Plaintiffs' arguments concerning General Obligations Law § 11-100 are raised for the first time on appeal and thus are not preserved for our review (*see Fischer v Zepa Consulting*, 263 AD2d 946, 947, *affd* 95 NY2d 66; *Gorman v Ravesi*, 256 AD2d 1134). Present—Green, J.P., Wisner, Hurlbutt, Burns and Gorski, JJ.