■ ELYSSA L. JOHNSON, an Infant, by SHIRLEY A. FREDO, Her Parent and Guardian, et al., Respondents, v VERONA OIL, INC.,

Doing Business as The Country Store, Appellant, et al., Defendants. [827 NYS2d 747]—

Mercure, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered November 4, 2005 in Delaware County, which, inter alia, denied the cross motion of defendant Verona Oil, Inc. for summary judgment dismissing the complaint against it.

After drinking beer at a party, defendant Andrew Cobb (hereinafter Cobb), age 19, fell asleep at the wheel while driving his truck and crashed into a pole. Plaintiff Elyssa L. Johnson, age 15, was a passenger in the truck at the time and, as a result of the accident, suffers from permanent brain damage and paralysis. Plaintiffs thereafter commenced this action, alleging as relevant here that defendant Verona Oil, Inc., doing business as the Country Store (hereinafter defendant), unlawfully sold the beer to Cobb that he drank on the day of the accident, causing Cobb to become intoxicated and contributing to Johnson's injuries. Following joinder of issue, Supreme Court denied defendant's cross motion for summary judgment dismissing the complaint against it and permitted plaintiffs to amend the complaint to relabel their Alcoholic Beverage Control Law § 65 cause of action as a claim under General Obligations Law § 11-101. Defendant appeals and we now affirm.

Defendant asserts that Supreme Court improvidently exercised its discretion in determining sua sponte that plaintiffs' Alcoholic Beverage Control Law § 65 claim should be relabeled as a General Obligations Law § 11-101 claim, rather than dismissed. Specifically, defendant argues that plaintiffs failed to plead all of the required elements of a General Obligations Law § 11-101 cause of action. Initially, we note that where the allega-

tions in a complaint are sufficient to provide notice of a plaintiff's claim and state the material elements of that cause of action, "[i]t is enough . . . that a pleader state the facts making out a cause of action, and it matters not whether he [or she] gives a name to the cause of action at all or even that he [or she] gives it a wrong name" (*Van Gaasbeck v Webatuck Cent. School Dist. No. 1*, 21 NY2d 239, 245 [1967] [internal quotation marks and citation omitted]; *see* CPLR 3013; *Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 284 [1978] [Cooke, J., concurring]; *Cole v O'Tooles of Utica*, 222 AD2d 88, 90 [1996]). As relevant here, the elements of a claim under General Obligations Law § 11-101 are (1) an injury caused by an intoxicated person, (2) a knowingly unlawful sale of alcohol by the defendant to the intoxicated person, and (3) that the alcohol sold by the defendant caused or contributed to the person's intoxication at the time the injury occurred (*see Sherman v Robinson*, 80 NY2d 483, 486-488 [1992]; *Cole v O'Tooles of Utica, supra* at 91; *see also* Alcoholic Beverage Control Law § 65 [1] [defining an illegal sale of alcohol as one to "(a)ny person, actually or apparently, under the age of (21) years"]).* Here, plaintiffs alleged in the complaint that the injuries were caused by Cobb when he was intoxicated as a result of imbibing alcohol purchased from defendant on the day of the accident, and that defendant knew or had reason to know that Cobb both was under the age of 21 and had illegally obtained the alcoholic beverages. Inasmuch as these facts were sufficient to put defendant on notice of plaintiffs' grievance and to allege all material elements of General Obligations Law § 11-101, Supreme Court properly declined to dismiss plaintiffs' claim (*see Cole v O'Tooles of Utica, supra* at 90).

We further reject defendant's argument that it was entitled to summary judgment on plaintiffs' General Obligations Law §§ 11-100 and 11-101 claims. General Obligations Law § 11-100 requires proof of the same elements as section 11-101 but applies to "*any* provider unlawfully furnishing alcoholic beverages to [persons under the age of 21], or unlawfully assisting in procuring such beverages for them, . . . extend[ing] dram-shop-type liability without the necessity of a commercial sale" (*Sherman v Robinson, supra* at 486-487). In moving for summary judgment, defendant presented, among other things, the testimony of Cobb, who claimed that he never purchased beer from defendant, and the testimony of defendant's clerk that although she had sold beer to someone displaying photo identifica-

---

* Alcoholic Beverage Control Law § 65, upon which plaintiffs relied in their complaint, is a regulatory provision that does not create a private right of action (*see Sherman v Robinson, supra* at 487).

tion with the name "Melvin Cobb" on the day of the accident, she believed the person to be over 21 years old based upon the identification card. Plaintiffs, in response, presented testimony from the clerk that she did not compare the photograph to the person long enough to know whether it was his identification card and statements from other witnesses describing the different physical characteristics—such as height, face shape and hair color—of Cobb, and his older brother, Melvin Cobb. Further, plaintiffs provided the testimony of witnesses who saw Cobb leave defendant's store with a case of beer after a short time inside the store and proceed to drink the beer at a party. Witnesses also described Cobb's inability to keep his balance, erratic driving, glassy eyes, and rambling speech after drinking the beer and at the time of the accident. In our view, even assuming that defendant established prima facie entitlement to summary judgment, Supreme Court properly denied the motion inasmuch as plaintiffs raised issues of fact regarding Cobb's intoxication at the time of the accident, whether defendant sold the alcohol to Cobb that caused his intoxication, and whether defendant should have known that Cobb was under 21 years old (*see Lyndaker v Reynolds*, 300 AD2d 1012, 1012-1013 [2002]; *Johnson v Plotkin*, 172 AD2d 88, 91-92 [1991], *lv dismissed* 79 NY2d 977 [1992]; *see also Cole v O'Tooles of Utica, supra* at 92-93; *Matter of Tap Rest. Corp. v New York State Div. of Alcoholic Beverage & Control, N.Y. State Liq. Auth.*, 214 AD2d 880, 882 [1995]).

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.